CHIEF OF POLICE OF SHELBURNE *vs.* PAUL S. MOYER.

Franklin.   April 13, 1983. — August 22, 1983.

Present: HALE, C.J., ARMSTRONG, & KASS, JJ.

*Sealing of Criminal Records. Firearms. Practice, Civil,* Judicial review
of denial of license to carry firearms. *License.*

A District Court judge erred in ordering the issuance of a license to carry
firearms, where he made no finding that a town's chief of police had
lacked any reasonable ground for his conclusion that the applicant was
not a "suitable person" within the meaning of G. L. c. 140, § 131.
[545-546]

Discussion of standards to be applied in District Court proceedings seek-
ing review of a police chief's denial of a license to carry firearms.
[546-547]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on December 11, 1981.

On transfer to the Superior Court Department, the case
was heard by *Moriarty,* J.

*Michael F. Farrington,* Special Assistant Attorney
General, for the plaintiff.

*Marguerite M. Dolan* for the defendant.

HALE, C.J.  The defendant in this action in the nature of
certiorari (G. L. c. 249, § 4) was denied a license to carry
firearms (G. L. c. 140, § 131, as amended by St. 1975,
c. 113, § 1) and filed a petition for judicial review in a
District Court under the second paragraph of § 131.  After a
hearing a judge of that court ordered that the license be
issued, and the chief of police filed the present action in the
Supreme Judicial Court.  The case was transferred to the
Superior Court (G. L. c. 211, § 4A, as amended through St.
1978, c. 478, § 100), where a judge upheld the judgment of
the District Court.  The chief of police has appealed from
that determination.  We reverse.

As the review by the Superior Court was confined to the record of the District Court, our review on appeal is also directed to that record to determine whether there are substantial errors of law apparent on that record adversely affecting material rights. *Cambridge Housing Authy.* v. *Civil Serv. Commn.,* 7 Mass. App. Ct. 586, 587-588 (1979), and cases therein cited. *Murray* v. *Second Dist. Court of E. Middlesex,* 389 Mass. 508, 511 (1983).

We set out the background facts. In 1978, the defendant, a resident of Shelburne Falls, pleaded guilty to illegal possession of marijuana and was placed on probation. His probation ended on January 23, 1980. Thereafter his case was dismissed and the record of conviction ordered sealed pursuant to G. L. c. 94C, § 34, as amended through St. 1975, c. 369, and G. L. c. 94C, § 44.

On April 29, 1981, the defendant filed the application with the chief of police of Shelburne Falls for a license to carry a firearm. On May 7, 1981, the chief of police wrote to the defendant stating that his application was denied. He gave only one reason for the denial: "Because of your conviction for possession of marijuana I am required by law not to issue a license to carry a firearm to you."

A week later, on May 13, the chief of police sent a letter to the defendant's attorney offering additional reasons for denying the license, viz.: "In addition the factors surrounding Mr. Moyer's arrest and conviction have been taken into consideration and I feel that Mr. Moyer is not a proper person to carry firearms in accordance with Chapter 140, Section 131 of the MGL."

The defendant, on May 14, petitioned the District Court to review the chief of police's denial of the license application, alleging that no record of conviction existed which could disqualify him from being issued a license and that, therefore, he was entitled to have the license issued to him.

At the hearing on the defendant's petition, the judge heard evidence from the chief of police on the question why he deemed the defendant to be an unsuitable person to have

a license to carry a firearm but rejected some of his proffered testimony on the grounds that it was hearsay or was not the "best evidence." The judge also received evidence on the question whether the defendant was disqualified by law to have such a license.

The decision entered following the hearing in the District Court decided only that since the record of the defendant's conviction had been sealed, it could not be the basis for denying the defendant's application. The decision concluded with the following order: "On the basis of the statute and the facts in this case, the Petition for Review, I find that the petitioner is not disqualified by reason of law and the licensing authority is ordered to issue a license to carry a firearm to the petitioner."

General Laws c. 94C, § 34, second par., provides for the dismissal of proceedings and the sealing of the record of a person convicted of possession of certain controlled substances. The defendant appears to have qualified in all respects for dismissal of the charge for possession of marijuana and sealing of official records pertaining to the proceedings. That paragraph further provides: "Any conviction, the record of which has been sealed under this section, shall not be deemed a conviction for purposes of disqualification or for any other purpose." General Laws c. 140, § 131, disqualifies a person who has been convicted of the possession of a narcotic drug from the class of persons to whom a chief of police may issue a license to carry a firearm. The chief of police does not question the correctness of the judge's ruling that the provisions of G. L. c. 94C, § 34, second par., removed the defendant's conviction as a disqualification to receive the license applied for.

However, § 131 provides that after an investigation, if an applicant is not otherwise disqualified, the chief of police may issue a license to carry a firearm "if it appears that [the applicant] is a suitable person to be so licensed . . . . [for] the carrying of firearms for use in target practice only."[1] In

---

[1] The defendant's application was limited to that use.

the absence of a finding that no reasonable ground existed for the chief of police to refuse the license on the basis that the defendant was not a "suitable person," the judge was in error in ordering the issuance of the license to the defendant.

Our opinion would ordinarily conclude at this point, but we note from the transcript of the trial in the District Court and from the judge's rulings at trial that there was some question in the judge's mind as to the standards to be applied in reviewing this matter. We therefore state our views for the assistance of the judge before whom any future hearing is held.

(1) To warrant a finding that a chief of police had no reasonable ground for refusing to issue a license it must be shown that the refusal was arbitrary, capricious, or an abuse of discretion. Compare G. L. c. 30A, § 14(7)(g). See also *McSweeney* v. *Town Manager of Lexington,* 379 Mass. 794, 799-800 (1980).

(2) The burden is upon the applicant to produce substantial evidence that he is a proper person to hold a license to carry a firearm. (We note that the judge stated to defendant's counsel at the outset of the hearing, "You have the burden of going forward on this.")

(3) General Laws c. 94C, § 34, specifically provides, "that departmental records which are not public records, maintained by police and other law enforcement agencies, shall not be sealed." Evidence concerning these records could properly have been used by the chief of police in making his determination as to the defendant's fitness. Evidence concerning such use of the records in his office and those of the State police, if offered, should be admitted. Moreover, § 34 does not preclude the chief of police from testifying to whatever information he had from any other source which he relied upon in determining an applicant's fitness to be issued a license to carry firearms. We are of opinion that the reasoning in *Commissioner of the Metropolitan Dist. Commn.* v. *Director of Civil Serv.,* 348 Mass. 184, 193-197 (1964), although it concerned a different stat-

ute, supports this position. See also *Rzeznik* v. *Chief of Police of Southampton,* 374 Mass. 475, 479-481 (1978).

(4) There is no right under art. 17 of the Declaration of Rights of the Massachusetts Constitution for a private citizen to keep and bear arms and thus to require that a citizen have a license to do so is not unconstitutional (*Commonwealth* v. *Davis,* 369 Mass. 886 [1976]); nor is there any question of a property right or deprivation of liberty involved in the statutory procedures for obtaining a license to carry firearms. The full panoply of procedures usually available at a trial is not required in the review by a District Court in a case of this nature. The hearsay rule should not be applied to evidence proffered by a chief of police in support of the reasonableness of his denial. The test should be one of relevance. See *Lotto* v. *Commonwealth,* 369 Mass. 775, 777-781 (1976). The weight and credibility accorded such evidence is, of course, for the trial judge in deciding the question whether a chief of police had any reasonable ground for refusing to grant the license or, as we have indicated, whether a denial was arbitrary, capricious, or an abuse of discretion.

The judgment of the Superior Court is reversed. The decision of the District Court is quashed; further proceedings may be had in that court in conformity with this opinion.

*So ordered.*