R. PATRICK O'MALLEY *vs.* CHIEF OF POLICE OF
STOUGHTON.

No. 91-P-1147.

Norfolk. March 19, 1993. - July 27, 1993.

Present: PERRETTA. KAPLAN, & LAURENCE, JJ.

*Firearms. License.*

A chief of police had reasonable ground to refuse to issue a license to
possess or carry a machine gun to an applicant who did not provide
information in the application that met the criteria for such possession
set forth in G. L. c. 140, § 131, and the regulations promulgated there-
under, 520 Code Mass. Regs. § 7.09 (1987). [51-53]

CIVIL ACTION commenced in the Stoughton Division of the
District Court Department on April 26, 1990.

On appeal to the Superior Court Department, the case was
heard by *Robert A. Mulligan,* J., on motions for summary
judgment.

*Thomas J. Amoroso* for the plaintiff.
*Brian W. Riley* for the defendant.

PERRETTA, J. Under G. L. c. 140, § 131, as appearing in
St. 1986, c. 481, § 2, only certain firearms instructors and
bona fide collectors of firearms may be issued a license to
possess or to carry machine guns. Because the defendant, the
chief of police (chief), concluded that he had insufficient in-
formation upon which to determine whether the plaintiff, R.
Patrick O'Malley, was a bona fide firearms collector, he re-
fused to issue him a machine gun license. Upon O'Malley's
petition for review, a District Court judge found that the
chief had abused his discretion by construing O'Malley's ap-
plication too narrowly. The chief claimed an appeal to the
Superior Court under G. L. c. 231, § 97, where each of the
parties moved for summary judgment. The Superior Court

judge concluded that the chief's decision was based upon reasonable grounds, allowed his motion for summary judgment, and ordered entry of a judgment for the chief. As the District Court record reflects a substantial error of law adversely affecting material rights, we affirm the Superior Court judgment.

1. *Legal possession of a machine gun.* It is a crime, punishable by life imprisonment, to possess a machine gun except as provided by law. See G. L. c. 269, § 10. The law, c. 140, § 131, prohibits the issuance of a license to possess or to carry a machine gun to anyone other than certain firearms instructors or a "bona fide collector of firearms." Section 131 also requires the Commissioner of the Department of Public Safety (commissioner) "to establish criteria for persons who shall be classified as bona fide collectors of firearms."

Pursuant to this rule making authority, the commissioner promulgated 520 Code Mass. Regs. § 7.09 (1987), which reads in relevant part: "Bona Fide Collectors of Firearms shall mean any individual, licensed to carry firearms . . . who acquires firearms . . . for any lawful purpose including but not limited to historical significance, display, research, lecturing, demonstration, test firing, or investment. Nothing contained in this regulation shall affect the reasonable discretion of a licensing authority."

O'Malley applied for a license to possess or to carry a machine gun, stating only that he was a bona fide collector of firearms and that all "collectors of firearms who wish to include machine guns in their collections" are required by § 131 to obtain the license. Being of the opinion that collectors were not necessarily bona fide collectors and that O'Malley had failed to demonstrate that he was one of the latter, the chief denied the application. O'Malley petitioned the District Court for review of the denial.

2. *The District Court record.* For the reasons recently set out in *Godfrey* v. *Chief of Police of Wellesley, ante* 42, 43-46 (1993), our review, like that of the Superior Court, is confined to the District Court record "to determine whether

there are substantial errors of law apparent on that record adversely affecting material rights." *Chief of Police of Shelburne* v. *Moyer*, 16 Mass. App. Ct. 543, 544 (1983). At the District Court hearing on O'Malley's petition, the chief readily acknowledged to O'Malley, who was proceeding pro se, his reluctance to issue licenses to possess or to carry machine guns. His personal views about individuals possessing these guns were not, however, the basis of his refusal to issue O'Malley the license. As made clear by the chief's pleadings and testimony, he refused to issue the license because O'Malley had failed to demonstrate on his application that he wished the license for any of the purposes for which an applicant is determined to be a bona fide collector.

It is at this point in the hearing that substantial error occurred. The judge took over the questioning of the chief and asked if it was his testimony that he would issue a machine gun license for only those purposes specified in 520 Code Mass. Regs. § 7.09. When the chief responded in the affirmative, debate over the regulation ensued between the judge and counsel for the chief. Focusing on that part of the regulation which includes "any individual . . . who acquires firearms . . . for any lawful purpose" within the meaning of a bona fide collector, the judge concluded that the chief had been arbitrarily narrow in his consideration of O'Malley's application and directed him to issue the license.

3. *Discussion.* Section 131 confers "considerable latitude" upon licensing authorities. *Ruggerio* v. *Police Commr. of Boston*, 18 Mass. App. Ct. 256, 259 (1984).[1] The question presented on O'Malley's petition for review is whether the chief "had any reasonable ground for refusing to grant the license or, as we have indicated, whether . . . [the] denial was arbitrary, capricious, or an abuse of discretion." *Chief of Police of Shelburne* v. *Moyer*, 16 Mass. App. Ct. at 547.

It is irrelevant that O'Malley described himself as a bona fide collector on his application. That is a determination

---

[1]Even were it open to the commissioner to restrict the legislative grant of broad discretion to the licensing authorities, the final sentence of 520 Code Mass. Regs. § 7.09 expressly disclaims any such limitation.

which § 131 requires the licensing authority, not the applicant, to make with guidance from the criteria established by the commissioner. Further, whether the chief was disinclined to allow possession of a machine gun for a purpose which was lawful, but unspecified in the regulation, was immaterial to his decision on O'Malley's application. The chief refused to issue the license because the information provided in the application was no more than a notification that the applicant wished to add machine guns to his weapons collection.

Section 131 prohibits the issuance of a license to possess or to carry a machine gun to anyone other than certain firearms instructors and bona fide collectors. In short, instructors and collectors are eligible to apply for, but not entitled to receive, the license. Whether an individual is a bona fide firearms collector who may be granted a license depends upon the purpose for which the applicant collects firearms. We think it would have been an abuse of discretion had the chief issued O'Malley a license without first knowing the purpose of the collection to which O'Malley desired to add machine guns.

In his answers to the defendant's interrogatories filed in the Superior Court, O'Malley indicated for the first time that he collected firearms for purposes of his "contemplation and enjoyment." He also indicated that all his collected weapons were "investments" to the extent that an investment was a "purchase made in the hope of being able to sell at a later date at a higher price." Even had this information been made available to the chief from the outset, our conclusion would be no different.

Applying traditional methods of statutory construction to 520 Code Mass. Regs. § 7.09, see *Haas* v. *Breton*, 377 Mass. 591, 595 (1979), quoting from *Kenney* v. *Building Commr. of Melrose*, 315 Mass. 291, 295 (1943), and 2A C. Sands, Sutherland Statutory Construction § 47.18, at 110 (4th ed. 1973), we would conclude that personal enjoyment and possible future profit are so dissimilar to those purposes described in the regulation as to constitute a reasonable ground for re-

fusing to grant a license to possess or to carry a machine gun.

*Judgment affirmed.*