Hillman, J.
Petitioner Terry Roy, a police officer in the City of Gardner, brings this action in the nature of certiorari under G.L.c. 249, §4 for review of a District Court decision which upheld the revocation of his licence to carry a firearm pursuant to G.L.c. 140, § 131. Roy argues that the District Court erred as a matter of law in upholding the revocation, and that this error substantially impairs his rights. For the reasons discussed below, the District Court’s decision is AFFIRMED.
BACKGROUND
The petitioner, Terry Roy, has held a license to carry a firearm since 1990 and was hired in 1993 by the Gardner Police Department. Roy’s license was set to expire in 1995, but upon application for renewal, then-Chief of Police of the City of Gardner Edward Cronin renewed Roy’s license pursuant to G.L.c. 140, §131.[1]
In October 1997, Roy was the subject of an ongoing investigation, and Cronin placed him on administrative leave and directed him to surrender his license to carry firearms. As a result of the investigation, Roy was terminated from his position as a police officer. The termination was later reduced to a suspension.
On December 28, 1998, when Roy’s suspension was to be complete, newly appointed Police Chief James Dufort sent Roy a letter revoking his license to carry, stating “your license to carry application was reviewed and it was determined that you submitted and signed an application which contained false answers in violation of G.L. 140 sec. 131. Furthermore, in light of recent information on record (arrest record, felony conviction) in the Gardner Police Department, I find that you are not a suitable person to be licensed to possess a firearm.” Specifically, Chief Dufort’s belief that Roy had provided false answers on the application was based on the following facts. On the license application, Roy provided negative answers to questions about prior convictions, prior arrests, prior appearances in any court as a defendant and prior use of drugs or narcotics. Chief Dufort discovered, however, that Roy’s criminal records indicate that he twice appeared before a juvenile court on delinquency complaints, one for a false alarm and another for larceny. In addition, while serving in the United States Army in 1990, Roy admitted to possession and use of cocaine. Roy signed the application under the penalties of perjury and acknowledged that any false answers would be just cause for denial or revocation of the license.
DISCUSSION
In an action in the nature of certiorari under G.L.c. 249, §4, the reviewing court will correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff, or the real interest of the general public. Carney v. Springfield, 403 Mass. 604, 605 (1988), citing Murray v. Second District Court of Eastern Middlesex, 389 Mass. 508, 511 (1983).
General Laws chapter 140, §131 permits a licensing authority to issue a firearms license to an applicant, subject to certain disqualifying factors, “if it appears that the applicant is a suitable person to be issued such license.” In making that determination, licensing authorities have been given “considerable latitude.” Ruggiero v. Police Commissioner of Boston, 18 Mass.App.Ct. 256, 259 (1984). The disqualifying factors prohibit issuance ofalicenceto, inter alia, a person who has been convicted or adjudicated a delinquent child for the commission of a felony or a violation of any law regulating the use, possession or sale of controlled substances as defined in G.L.c. 94C, §1.
When a license to carry firearms is either not granted or not renewed, the applicant may petition for review by the District Court, which may only reverse the decision of a licensing authority upon a finding that the licensing authority had no reasonable ground for refusing to issue the license. G.L.c. 140, §131. In order to make such a finding, the applicant must show that the “refusal was arbitrary, capricious, or an abuse of discretion.” Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. 543, 546 (1983). The same standard of review should be applied in cases of revocation of licenses. Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 47 (1993).
In this case, Roy argued to the District Court that the answers he provided on his application were not false. He argued that his matters in juvenile court did not result in convictions within the meaning of c. 140 and that his appearance in court as a juvenile was not the same as appearing “as a defendant in a criminal case." Roy also asserted that because his probation record does not specifically indicate that he had been arrested, Chief Dufort should not have been able to assume that his appearance in court was the result of an arrest. Finally, Roy contended that a one-time use of cocaine — which is all he admitted to — does not make him a “user,” as stated in the application. Accordingly, Roy states that he answered the questions on the application correctly.
*74 The District Court judge characterized Roy’s arguments in the court below as “legal hair-splitting.” The District Court determined that it was not necessary to make conclusions about whether Roy’s arguments were meritorious. Given the latitude enjoyed by licensing authorities in determining suitability, Chief Dufort was not strictly required to base his decision on one of the specific disqualifications to section 131. See DeLuca v. Chief of Police of Newton, 415 Mass. 155 (1993) (Chief of Police was entitled to consider acts underlying pardoned offenses in determining whether applicant was a “suitable person” to receive license); Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. 543 (1983) (court upheld police chiefs refusal to issue license to an applicant who had pled guilty to possession of marijuana, even though the case was later dismissed and the conviction sealed). This Court agrees with the District Court’s assessment and ruling and concludes that it made no errors of law.
Roy argues that the revocation was arbitrary and capricious given that the police department had been in possession of his juvenile record for several years and the Police Chief had not previously determined that the information contained in Roy’s record indicated unsuitability to hold a license. Although the District Court did not address this issue, this Court finds that the knowledge of Chief Dufort’s predecessors is of no consequence in this case. Even assuming that previous police chiefs had knowledge of Roy’s criminal past and chose to ignore it, Chief Dufort still had a statutory obligation to revoke any and all licenses held by people who he determined were no longer suitable to hold that license.
This Court thus finds that the District Court made no errors of law when it held that based on the information known at the time of revocation, Chief Dufort had reasonable grounds to revoke Roy’s license.
ORDER
For the foregoing reasons, the decision of the District Court is AFFIRMED.

The Chief of Police is the duly designated licensing authority within the meaning of § 131.