# RESCRIPT OPINIONS.

PETER F. KANE vs. ROBERT MUIR. March 22, 2000. *Constitutional Law,* Imprisonment, Freedom of religion, Freedom of speech and press. *Practice, Civil,* Failure to raise issue, Party pro se.

The plaintiff, Peter Kane, an inmate in the custody of the Department of Correction (department), appeals from an order entered in the Superior Court granting summary judgment in favor of the defendant, Robert Muir, a correction officer. A Superior Court judge determined that the defendant's confiscation of the inmate's two-colored rosary beads was reasonably related to penological interests and, thus, did not unreasonably infringe the inmate's constitutional right to the free exercise of religion. We transferred the case to this court on our own motion and now conclude that, considering the complaint and the affidavits, the plaintiff has failed to state a cause of action. Thus, the defendant is entitled to summary judgment. See Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974).

1. We summarize the relevant facts as stated by the plaintiff in his complaint and in his affidavits. On July 30, 1997, the defendant searched the plaintiff's cell. He confiscated a number of items, including a set of black and white rosary beads that the plaintiff had received from the prison chaplain in 1995. The defendant informed the plaintiff that inmates were not permitted to have multi-colored rosary beads because the beads "could be/are construed as 'gang related.' " The plaintiff asked that his rosary beads be returned, but his request was denied.

The plaintiff, representing himself, filed a complaint on August 11, 1997, in which he alleged "[t]hat the acts of the defendant have clearly infringed upon and denied this plaintiff his right to practice his religion, as well as free speech." He further alleged that "[t]he defendant's failure to comply with the rules and regulations governing his conduct and behavior while he is on duty as a correctional officer[] is, in and of itself, a due process violation."

The plaintiff stated "this action arises under the provisions of the United States Constitution's First Amendment." He did not claim in his complaint that an action arose under the Massachusetts Constitution. On appeal, the plaintiff is represented by counsel.

Affidavits submitted by the defendant state in pertinent part that the plaintiff was offered black rosary beads at each religious service. The plaintiff could keep the rosary beads or return them at the conclusion of the service. The plaintiff does not claim otherwise.

2. The plaintiff's complaint and affidavits do not set forth facts alleging a violation of his rights under the First Amendment to the United States Constitution. The allegation that the plaintiff cannot practice his religion is not

supported by the complaint or the affidavits. The plaintiff offers no reason why he could not use the black rosary beads that were offered to him at each religious service.

The plaintiff did not raise any claim under the Massachusetts Constitution in his complaint. Thus, although appellate counsel extensively briefed State constitutional issues, those issues are not properly before us because the plaintiff failed to raise them below. *Commonwealth* v. *Therrien*, 428 Mass. 607, 611 n.6 (1998).

The plaintiff's status as a self-represented litigant does not alter the outcome. "Nothing turns on the fact that the defendant was [representing himself] . . . . [Self-represented] litigants are held to the same standards as practicing attorneys." *Jackson* v. *Commonwealth*, 430 Mass. 260, 264 (1999), and cases cited.

We remand this matter to the Superior Court where a judgment shall enter granting summary judgment to the defendant because the plaintiff's complaint and affidavits failed to state a cause of action.

*So ordered.*

*John Reinstein* for the plaintiff.
*Richard C. McFarland* for the defendant.