Fremont-Smith, J.
This matter, which was before the court on September 22, 2000, is a petition by the plaintiffs William and Patricia Laffan (“Laffan”), pursuant to M.G.L. 30A, §14, seeking judicial review of a decision by the Department of Environmental Protection (“DEP”), denying their request for an adjudicatory hearing concerning an abutting property owner’s application for a waterways license. Pursuant to Rule 12(c) of the Mass.R.Civ.P., the plaintiff seeks judgment on the pleadings, reversing the decision of DEP and remanding the case to DEP for an adjudicatory hearing. The defendant, DEP, opposes the plaintiffs’ motion for judgment on the pleadings. For the following reasons, plaintiffs’ motion for judgment on the pleadings is denied.
BACKGROUND
A review of the administrative record reveals the following.
In June 1997 Green Pond Marina Association, Inc. (“Marina”), applied to the DEP for a waterways licence pursuant to G.L.c. 91. The application sought a license to reconfigure the timber floats, improve the marina bulkhead and improve access to the docking facilities.
A notice of the application was published in the Cape Cod Times on June 13, 1997. The notice stated that “(t]he Department will consider all written comments submitted within 30 days subsequent to the ‘Notification Date’ in order to decide whether to grant authorization for the proposed activity pursuant to G.L.chapter 91 . . . Furthermore, a municipality, ten citizen group or any aggrieved person that has submitted written comments may also petition to intervene to become a party before the close of the comment period. Failure to submit such petition will result in the waiver of any right to an adjudicatory hearing."[2] (Emphasis added.) The notice was also mailed to the Laffans and all abutting property owners of the Marina.
On July 22, 1997, the Laffans, without counsel, responded to the notification in a three-page letter to Ronald Potter, DEP’s Licensing Engineer.[3] The Laffans expressed their concerns about the Marina’s proposed waterway license, specifically that the Marina’s plans as submitted differed from the plans approved locally, the plans did not reflect the section of the common bulkhead which extends onto the Laffans property, the plans did not show the required 25 foot setback of the bulkhead, the Army Corps of Engineers plan should have been submitted in the permitting process, and the boundary lines and riparian rights between the Laffans and the Marina had not been adjudicated. William Laffan ”reserve[d] the right to review and comment on any changes to the proposed work or plans.” DEP acknowledged receipt of William Laffan’s letter on July 28, 1997.
On August 15, 1997, DEP forwarded to William Laffan the Marina’s response to his July 22 comment letter. William Laffan then sent a letter to Ronald Potter of DEP stating that the Marina’s letter was “both misleading and contradictory, ” reiterated his concerns and objections to the project, and again reserved his right to review and comment on the proposed project.
On December 4, 1997, DEP issued a tentative approval of the Marina’s application stating that the license would be issued in twenty-one days if DEP had not received a written appeal, by certified mail, requesting an adjudicatory hearing pursuant to 310 CMR 9.17(2). On December 22, 1997, the Laffans, through counsel, filed a Notice of Claim for Adjudicatory Hearing. On March 16, 1998, DEP issued a prehearing conference order for May 5, 1998. On March 19, 1997, DEP and the Marina jointly moved to dismiss the appeal for lack of standing, on the ground that the petitioner had failed to intervene within the public comment period, as 310 CMR 9.17(l)(b) requires. The Marina also filed a motion to dismiss for failure to state a claim. The Laffans did not respond to the motions.
On April 1, 1998, the administrative judge consolidated the two Notice of Claims for Adjudicatory Hearing into one hearing.[4] The administrative law judge found the failure to respond to the motions was evidence of the petitioners’ intention not to prosecute the appeals. On April 14, 1998, the appeals were summarily dismissed for lack of prosecution, 310 CMR 1.01(10).
The Laffans moved for reconsideration of the order of dismissal. On July 30, 1998, the administrative judge issued a final order allowing the motion for reconsideration of the dismissal, but then dismissed the plaintiffs’ appeal for failure to intervene within the public comment period.
The draft license was then issued in final form for signature by the Commissioner and approval by the governor. The Commissioner of DEP in his approval of the agency decision stated that:
The decision dismisses a hearing request because the petitioners, in commenting earlier on the proposed license, failed to indicate that they also wished to intervene in the license proceedings. Under the Department’s past interpretations of its rules for waterways license proceedings, petitioners therefore lacked standing to request a hearing and dismissal is required. Partly out of fairness to the license applicant, who properly might expect the Department to follow its past interpretation, I hereby approve the decision.
At the same time apparently this interpretation presents a trap for the unwary or unadvised. Despite the relatively clear language both in the regu *593 lations and In the form of notice of the opportunity for public comment on proposed licenses, some commenters may not understand that active participation and comment during the licensing proceedings do not lead to standing to request an administrative hearing later unless an intention to intervene is expressly stated at the time of the comments.
For the future, accordingly, the Department should propose amendments to the regulations to provide that persons who submit timely comments need not intervene at that time in order to request a hearing later. Until such amendments occur or until this instruction is otherwise superseded, I direct the Department’s staff to treat timely, written comments on a proposed waterways license as the expression of an intent to intervene. Whether commenters have standing to request a hearing should depend on the nature of their interests, not on whether they use the right words to express their interests. Nothing in this instruction, of course, should be taken to alter any applicable requirements, such as requirements for timely hearing requests for diligent prosecution.
Thereafter the Laffans timely appealed the decision to this court, pursuant to G.L.c. 30A, §14.
STANDARD OF REVIEW
The party appealing an administrative decision, pursuant to G.L.c. 30A, §14, may appeal therefrom to the Superior Court and bears the burden of demonstrating the invalidity of the decision on appeal. Merisme v. Board of Appeals on Motor Vehicle Liability Policies & Boards, 27 Mass.App.Ct. 470, 474 (1989). Under G.L.c. 30A, §14, this Court may affirm, remand, set aside, or modify an agency’s decisions if it is determined that a party’s substantial rights were prejudiced because the agency decision was:
1. in violation of constitutional provisions; or
2. in excess of statutory authority or jurisdiction of the agency; or
3. based on an error of law; or
4. made upon unlawful procedure; or
5. unsupported by substantial evidence; or
6. unwarranted by facts found by the court on the record as submitted or as amplified under a paragraph (6) of this section . . .; or
7. arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.
G.L.c. 30A, Sec. 14(7)(a)-(g).
In reviewing the agency decision, a court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon by the statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). "The approach is one of judicial deference and restraint, but not abdication. ” Amone v. Comm’r of the Dept. of Social Services, 43 Mass.App.Ct. 33, 34 (1997), citing Fafard v. Conservation Comm'n of Reading, 41 Mass.App.Ct. 565, 572 (1996).
The court may review and either affirm, reverse, remand, compel action, or modify a state administrative decision if the court determines “that the substantial rights of any party may have been prejudiced because the agency decision is . . . unsupported by substantial evidence.” G.L.c. 30A Section 14 (7)(e). General Laws 30A, 1(6) defines "substantial evidence” as “such evidence as a reasonable mind might accept as adequate to support a conclusion.”
As grounds for appeal, the Laffans contend: that DEP’s decision (1) is arbitrary and capricious, (2) exceeds the authority of the agency, (3) is not consistent with G.L.c. 30A, and (4) violates their equal protection and due process rights.
DISCUSSION
Under G.L.c. 91 the Legislature has granted DEP authority to license and prescribe the terms for the construction or extension of wharves, floats and piers constructed. G.L.c. 91, §14. Through that authority, DEP has promulgated a comprehensive set of regulation pertaining to waterway licensing. See 310 CMR §§9.00 et seq.
Written comments on applications may be submitted and intervention sought by following the procedures set forth in 310 CMR 9.13(4)(c), which at the time the Marina application was submitted,[5] read as follows:
A municipality, ten citizen group, or any aggrieved person that has submitted written comments may also petition to intervene to become a party before the close of the public comment period specified above. In accordance with 310 CMR 9.17, failure to submit such a petition will result in the waiver of any right to an adjudicatory hearing.
The Laffans did submit comments during the public comment period. However, they did not petition to intervene. The administrative judge found that the Laffan comment letter did not contain any language requesting that they be allowed to intervene, and that their failure to request intervention was fatal.
“In general, we grant substantial deference to an interpretation of a statute by the administrative agency charged with its administration.” Massachusetts Hosp. Assoc. v. Dept. of Medical Security, 412 Mass. 340, 345-46 (1992). “We have consistently recognized that an agency ‘has considerable leeway in interpreting a statute it is charged with enforcing.' ” Martinez v. Comm’r of Public Welfare, 397 Mass. 386, 392 (1986), quoting Grocery Mfrs. of Am., Inc. v. Department of Pub. Health, 379 Mass. 70, 75 (1979).
*594 We only disturb an agency’s interpretation of its own regulation if the “interpretation is patently wrong, unreasonable, arbitrary, whimsical, or capricious.” TBI, Inc. v. Board of Health of North Andover, 431 Mass. 9, 17 (2000), quoting Brookline v. Commissioner of the Dep’t of Envtl. Quality Eng’g, 398 Mass. 404, 414 (1986).
In the circumstances of this case, DEP’s interpretation of 310 CMR 9.13 and 310 CMR 9.17 is reasonable. The interpretation is within the plain meaning of the regulation, as well as the notice sent to plaintiff. We interpret the words used in the regulation with regard to their literal meaning and the purpose and history of the regulation within which they appear. See Sterlite Corp. v. Continental Casualty Co., 397 Mass. 837, 839 (1986) (discussing interpretation of G.L.c. 231, §6c). The DEP interpretation of 310 CMR 9.13(4)(c) and 310 CMR 9.17(1)(b), moreover is consistent with DEP’s prior decisions.[6]
The court must defer to the fact-finding function of DEP, including its right to draw reasonable inference from the facts found, where there is substantial evidence to support its findings and there is no error of law. See Ramsdell v. Western Massachusetts Bus Lines, Inc., 415 Mass. 673, 676 (1993) (affirming decision of MCAD). Under this standard, the court concludes that there was no error of law and that there was substantial evidence to support the decision of DEP.
While the plaintiffs argue that as they were unrepresented by counsel during the comment period and should not be prejudiced for their lack of knowledge of the legal procedures, but a pro se litigant is never-the-less held to the same standard as other litigants in regard to compliance, with such procedures. Kane v. Muir, 431 Mass. 1001, 1002 (2000), quoting Jackson v. Commonwealth, 430 Mass. 260, 264 (1999); Maza v. Commonwealth, 423 Mass. 1006 (1996), and cases cited.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Department of Environmental Protections is AFFIRMED, and final judgment shall enter for the defendant.

Notification date of June 30, 1997.

The Laffans’ response was within the 30-day comment period.

A Second claim for an adjudicatory hearing was filed on December 24, 1997 by Davisville Civic Association and Linda Davis.

 310 CMR 9.13(4) has been amended omitting the requirement of a petition for intervention, effective July 1, 2000.

See In the Matter of Eugene J. Mahoney, DEP Docket No. 97-113 (March 10, 1998) (petitioner’s argument that he was a layperson and unaware of the proper procedure unavailing); In the Matter of GTE Support, Inc., DEP Docket No. 94-052 (April 7, 1995) (case dismissed where petitioner failed to intervene in the public comment period).