Connon, J.
The plaintiffs, John A. Ford, Jr., in his capacity as the Chief of Police of the Town of Bourne, the Bourne Police Department (“Bourne Police”) and the Town of Bourne, brought this action against the defendant, Richard L. Cristadoro (“Cristadoro”), seeking judicial review by way of certiorari pursuant to G.L.c. 249, §4. Specifically, plaintiffs appeal the decision of the Falmouth District Court reinstating Cristadoro’s license to carry firearms previously revoked by the Bourne Police. The matter is before the Court on the parties’ cross-motions for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c). For the following reasons, the defendant’s motion for judgment on the pleadings is DENIED and the plaintiffs’ cross-motion for judgment on the pleadings is ALLOWED.
BACKGROUND
On December 13, 1999, Cristadoro was involved in a domestic dispute with his wife. As a result, Cristadoro was arrested and served with a restraining order pursuant to G.L.c. 209A. On January 7, 2000, Cristadoro had another confrontation with his wife regarding the upcoming criminal proceedings that stemmed from the December incident. Again, he was arrested and served with a restraining order. Subsequently, on January 10, 2000, the Bourne Police made a finding that Cristadoro was not a “suitable person” to carry a firearm and his license was revoked pursuant to G.L.c. 140, §131.
On January 19, 2000, Cristadoro petitioned the Falmouth District Court to review the Bourne Police’s decision to revoke his gun license. A hearing was held by the Court (Wheatley J.) and, in a decision dated February 12, 2000, the license was reinstated pursuant to G.L.c. 140, §129B(5). On March 6, 2000, an amendment was made to incorporate G.L.c. 140, §131 into the decision. The findings made by the Court were as follows:
On January 10, 2000, Lieut. Gelson of the Bourne Police Department revoked plaintiffs license to carry firearms on the basis of arrests for domestic violence involving the plaintiffs wife, and the issuance of two G.L.c. 209A orders on December 12, 1999 and January 8, 2000. Since that time, the plaintiff and his wife have had a hearing on the divorce in Probate Court. The judge, inter alia, terminated the restraining orders. There was strong indication during the hearing that some of the wife’s statements were not true.
The disqualifying conditions supporting the revocation have been terminated and the plaintiff is not prohibited by law from possessing a firearms license.
ACCORDINGLY, the plaintiffs license #D963339, in accordance with G.L.c. 140, §§129B(5) and 131 is hereby reinstated.
Thereafter, the plaintiffs filed a motion for reconsideration with the Court. The plaintiffs argued that the Court did not apply the correct standard of review in its decision. After a hearing, the Court denied the plaintiffs’ motion. Seeking review of the District Court decision, the plaintiffs brought this appeal to the Superior Court by way of certiorari pursuant to G.L.c. 249, §4. The parties have filed motions for judgments on the pleadings according to Mass.R.Civ.P. 12(c).
DISCUSSION
The function of certiorari review is to correct errors of law not otherwise subject to review, where such errors are apparent on the record and adversely affect *103 material rights. MacHenry v. Civil Service Com'n, 40 Mass.App.Ct. 632, 634 (1996). Relief in the nature of certiorari is warranted where a plaintiff demonstrates errors that are so substantial and material that, if allowed to stand, they will result in manifest injustice to a petitioner who is without any other available remedy. Johnson Products, Inc. v. City Council of Medford, 353 Mass. 540, 541 n. 2 (1968); Tracht v. County Commrs. of Worcester, 318 Mass. 681, 686 (1945). In a certiorari case, the court is not authorized to weigh evidence, find facts, exercise discretion, or substitute its own judgment. Moreover, the appropriate standard of judicial review is determined according to the nature of the action sought to be reviewed, in this case the Bourne Police’s revocation of a license to carry a firearm. Boston Edison Co. v. Bd. of Selectman of Concord, 355 Mass. 79, 83 (1968). Here, the Court’s role is limited to determining whether the decision was legally erroneous, or is so devoid of factual support as to be arbitrary or capricious. See FIC Homes of Blackstone, Inc. v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684-85 (1996). Furthermore, pursuant to G.L. 249, §4, the court may affirm or quash such a proceeding or make “such other judgment as justice may require.”
The gravamen of the plaintiffs’ complaint is that the Falmouth District Court erred or, more specifically, applied the incorrect standard of review when making its decision. The District Court judge concluded that Cristadoro was entitled to reinstatement of his license based on the fact that “(t]he disqualifying conditions supporting the revocation have been terminated and [he] is not prohibited by law from possessing a firearms license.” This determination, however, was based on only half of the standard required by statute, as discussed below.
The goal of firearms control in Massachusetts is to limit access to deadly weapons by irresponsible persons. Ruggiero v. Police Com’r of Boston, 18 Mass.App.Ct. 256, 258 (1984). A wide range of methods has been adopted by the legislature to accomplish this goal, including the requirement of licenses for the sale or possession of firearms and ammunition, and the imposition of serious penalties for infractions of firearms control laws. Ruggiero v. Police Com’r of Boston, 18 Mass.App.Ct. at 259. Consistent with these aims the statute directs that a two-step inquiry be made before a license is issued. That inquiry requires the licensing authority to first ascertain whether the applicant is a “suitable person” to possess a firearm. Ruggiero v. Police Comm’r of Boston, 18 Mass.App.Ct. at 259. If satisfied that the applicant is suitable, the licensing authority must then inquire whether the applicant can demonstrate a “good purpose” for carrying a firearm. These statutory requirements do not present any question of infringement of any protected right or liberty interest. Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. 543, 547 (1983). In performing its task, the licensing authority is given considerable latitude. Ruggiero v. Police Comm’r of Boston, 18 Mass.App.Ct. at 259. In fact, “to warrant a finding that a chief of police had no reasonable ground for refusing to issue a license it must be shown that the refusal was arbitrary, capricious.or an abuse of discretion.” Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. at 546.
In providing for judicial review of gun license revocations, the standard is set out, in part, by G.L.c. 140, §131(f):
A justice of such court, after a hearing, may direct that a license be issued or reinstated to the petitioner if such justice finds that there was no reasonable ground for denying, suspending or revoking such license and that the petitioner is not prohibited by law from possessing same.
(Emphasis added). This language is identical to that used to review denials of original applications and renewals, i.e. relief only where the judge finds “no reasonable ground” for the decision. As such, the same arbitrary, capricious, or abuse of discretion standard is applied to revocations as is applied to applications and renewals. Godfrey v. Chief of Police of Wellesley, 35 MassApp.Ct. 42, 47 (1993).
The question before the Court is whether the District Court erred in the standard of review it applied in deciding to reinstate Cristodoro’s firearm license. However, the Court must first determine whether the initial revocation of the license by the Bourne Police was arbitrary, capricious or an abuse of discretion. There is nothing in the record suggesting they acted arbitrarily, capriciously or abused their discretion. It is clear from the record that the Bourne Police determined that Cristadoro was not a “suitable person” to have a firearms license based on the two incidents of domestic abuse. Notwithstanding that the criminal charges and the restraining orders were subsequently dropped, it was reasonable that the Bourne Police continued to be concerned about the underlying assault and batteiy, the intimidation of a witness, and the marital problems in their assessment of Cristadoro’s suitability for a license.
It is equally clear from the record that the District Court failed to address the first part of the required test for license reinstatement. Had the District Court considered the reasonableness of the Bourne Police’s grounds for revocation, it would have been apparent that the revocation was not made in an arbitrary or capricious manner, nor was it an abuse of discretion by the department. As such, the standard for reinstatement would not have been met. Instead, however, the District Court’s sole consideration was based on the second part which allows for reinstatement if the petitioner is not prohibited by law from holding a license. Although the District Court correctly found that Cristadoro met that requirement once the restraining orders had been terminated, the statute *104 requires that both parts of the test be satisfied. Therefore, had the District Court applied the test as required by the statute, the outcome would have been different. Accordingly, this Court finds that the District Court erred in its application of the standard of review and that Cristadoro’s firearm license was properly revoked by the Bourne Police.
ORDER
For the foregoing reasons, it is ORDERED the defendant’s motion for judgment on the pleadings is DENIED, the plaintiffs’ cross-motion for judgment on the pleadings is ALLOWED and, as a result, the Falmouth District Court decision to reinstate the defendant’s license to carry firearms is VACATED and the plaintiffs’ decision to revoke said license is AFFIRMED