Hillman, J.
Petitioner, Peter Roddy, Chief of Police of Leominster (“Chief Roddy”), brings this action in the nature of certiorari under G.L.c. 249, §4 for review of a District Court decision which reversed the petitioner’s decision to deny Steven C. Masiello’s (“Masiello”) application for a renewal of his license to cany firearms. For the reasons discussed below, the District Court’s decision is REVERSED.

BACKGROUND

Defendant Masiello submitted an application for a renewal of his firearms license on November 22, 1999, in Leominster. The application was processed by Lieutenant Michael Pellecchia (“Lt. Pellecchia”), the officer designated by Chief Roddy to oversee firearms licensing matters. On May 30, 2000 Lt. Pellecchia sent notice to Masiello denying the application. Lt. Pellecchia stated in the notice that he had determined that Masiello was not a “suitable person” to carry firearms under G.L.c. 140, §131. The notice cited Masiello’s criminal record, which indicated one continuance without a finding on a charge of assault with a deadly weapon from 1979.
Masiello filed a petition for judicial review of the decision in the Leominster District Court. A trial was held in Leominster District Court and on November 27, 2000, the court (Reynolds, J.) issued a decision reversing Lt. Pellecchia’s decision, and ordering Chief Roddy to issue a license to cany firearms to Masiello.

DISCUSSION

In an action in the nature of certiorari under G.L.c. 249, §4, the reviewing court will correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff, or the real interest of the general public. Carney v. Springfield, 403 Mass. 604, 605 (1988), citing Murray v. Second District Court of Eastern Middlesex, 389 Mass. 508, 511 (1983). “The real interests of the public may very well be adversely affected when a firearms license is erroneously reinstated.” Police Comm’r of Boston v. Robinson, 47 Mass.App.Ct. 767, 771 (1999).
The goal of firearms control legislation in Massachusetts is to limit access to deadly weapons by irresponsible persons. Ruggiero v. Police Comm’r of Boston, 18 Mass.App.Ct. 256, 258 (1984). Consistent with these aims, G.L.c. 140, §131 (“§131”) directs that a two-step inquiry be made before a license is issued. That inquiry requires that the licensing authoriiy first ascertain whether the applicant is a “suitable person” to posses a firearm. Id. If satisfied that the applicant is suitable, the licensing authority must then inquire whether the applicant can demonstrate a “proper purpose” for carrying a firearm. §131; Ruggiero, 18 Mass.App.Ct. at 259. “In performing its task, the licensing authority is given considerable latitude.” Ruggierro, 18 Mass.App.Ct. at 259; Chief of Police of Shelbourne v. Moyer, 16 Mass.App.Ct. 543, 546 (1983). ‘To warrant a finding that a chief of police had no reasonable ground for refusing to issue a license it must be shown that the refusal was arbitrary, capricious, or an abuse of discretion.” Moyer, 16 Mass.App.Ct. at 546.
*659 The gravamen of Chief Roddy’s complaint is that the District Court made an error of law or, more specifically, applied the incorrect standard of review when making its decision. The District Court judge concluded that Masiello was entitled to issuance of a license based on the fact that he had persuaded the District Court by “substantial evidence” that he was a proper person to hold a firearms license. For the reasons discussed below, the District Court committed an error in its decision.
The District Court proceedings are narrow in scope, and it may not reverse a licensing authority’s decision based on a difference of opinion as to how the licensing authority should have exercised its discretion. Godfrey, 35 Mass.App.Ct. at 45. The question before the Court is whether the District Court erred in the standard of review it applied in deciding to reverse Lt. Pellecchia’s decision denying Masiello’s license application and its subsequent order for issuance of said license.
In providing for judicial review of gun license denials, the standard is set by G.L.c. 140, § 131 (f):
A justice of such court, after a hearing, may direct that a license be issued or reinstated to the petitioner if such justice finds that there was no reasonable ground for denying, suspending or revoking such license and that the petitioner is not prohibited by law from possessing the same.
(Emphasis added.)
A finding that there was no reasonable ground for denying a license can only be warranted upon a showing by the applicant that the licensing authority’s refusal was arbitrary, capricious, or an abuse of discretion. Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 46 (1993); Moyer, 16 Mass.App.Ct. at 546. A decision is not arbitrary and capricious (the equivalent of an abuse of discretion) unless there is no ground which “reasonable men might deem proper” to support it. TDJ Development Corp. v. Conservation Comm’n of North Andover, 36 Mass.App.Ct. 124, 128 (1994), quoting Cotter v. Chelsea, 329 Mass. 314, 318 (1952).
In order to answer the question of whether the District Court used the correct standard, the Court must first determine whether the initial revocation of the license by the Leominster Police was arbitrary, capricious or an abuse of discretion. There is nothing in the record suggesting they acted arbitrarily, capriciously or abused their discretion. It is clear from the record that Lt. Pellecchia determined that Masiello was not a “suitable person” to have a firearms license based on Masiello’s criminal record history. Notwithstanding that the criminal charge was decades old and subsequently dropped, it is reasonable that the Leominster Police continued to be concerned about the underlying charge in their assessment of Masiello’s suitability for a license, especially in light of the fact that the charge arose out of an incident involving a gun.
Also, given the latitude that is enjoyed by licensing authorities in determining suitability, Lt. Pellecchia was not strictly required to base his decision on one of the specific disqualifications to Section 131. Nor was the fact that Masiello previously held a firearms license dispositive of his suitability now, even if there has been no change in his record. See, e.g. DeLuca v. Chief of Police of Newton, 415 Mass. 155 (1993) (holding police chief was entitled to consider acts underlying pardoned offenses in determining whether applicant was “suitable”); Moyer, 16 Mass.App.Ct. at 545-47 (court upheld police chiefs refusal to issue license to applicant who had pled guilty to possession of marijuana, even though the case was later dismissed and the conviction sealed).[3]
It is equally clear from the record that the District Court failed to address the first part of the required test for granting of a license. Had the District Court considered the reasonableness of the Police’s grounds for denial, it would have been apparent that the revocation was not made in an arbitrary or capricious manner, nor was it an abuse of discretion by the department. As such, the standard for reversing the Chief of Police and his designee, Lt. Pellecchia, was not met. Instead, the District Court’s sole consideration was based on the second part which allows for issuance if the petitioner is not prohibited by law from holding a license. Although the District Court found that Masiello met that requirement by substantial evidence, the statute requires that both parts of the test be satisfied. Had the District Court applied the test as required by statute, the outcome would have been different. Accordingly, this Court finds that the District Court erred in its application of the standard of review; and finds that the Leominster Police properly denied Masiello’s application.

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs petition be ALLOWED, and as a result, the Leominster District Court decision to issue the defendant’s license to carry firearms is VACATED, and the plaintiffs decision to deny said license is AFFIRMED.

See also Roy v. Dufort, Civil No. 990667A (Worcester Super.Ct. Dec. 8, 1999) (Hillman, J.) (previous holding of this Court, stands for proposition that based on wide latitude given to licensing authorities, current police chief is not bound by prior decisions of former or different police chiefs to issue licenses to the same individual when now denying said license).