Wrenn, Daniel M., J.
The plaintiff, Worcester Police Chief Gary Gemme (“the Chief’), petitions this Court for certiorari, under G.L.c. 249, §4, for review of a District Court decision reversing his revocation of David M. Smith’s (“Smith”) license to carry firearms under G.L.c. 140, §131. For the reasons set forth below, the District Court’s decision is REVERSED, Chief Gemme’s Motion for Judgment on the Pleadings is ALLOWED, and Smith’s Cross Motion for Judgment on the Pleadings is DENIED.
BACKGROUND
On November 7, 2010, Worcester Police Officer James Soto and another officer were dispatched to the home of Smith and his wife for a domestic dispute. In an incident report for the Worcester Police Department (WPD), Officer Soto detailed his account of what he observed and what he was told occurred before the police arrived. The incident report provided an account of Officer Soto’s conversation with Mr. Smith’s wife in which she told him a verbal exchange between her and Smith had led to Smith violently charging her and putting his forearm into her neck. Officer Soto described Smith’s wife as upset and crying. Also in the incident report, Officer Soto described his conversation with Smith. He stated that Smith was uncooperative and demanded to know what his wife had told the officer. Officer Soto arrested Smith and informed him that he was being charged with domestic assault and battery.
On November 16, 2010, the plaintiff, Chief Gemme, suspended Smith’s license to carry firearms. In a letter sent to Smith, the Chief stated: “After careful review of an incident report filed on November 7, 2010, by Police Officer James Soto, your License to Cany Firearms is being suspended effective immediately for being an unsuitable person.”
Although Smith disputed that an assault and battery occurred, he complied with the notice of suspension and surrendered his Class A license to carry, his firearms, and his ammunition to the WPD. The criminal complaint for assault and battery was later dismissed on February 9, 2011 at his wife’s request.[1]
On March 8, 2011, the Chief sent Smith a letter noticing him that his license had been revoked pursuantto G.L.c. 140, §131. The letter stated: “After further review of the incident report dated November 07, 2010 from Worcester Police Officer James Soto, your license to carry a firearm is being revoked immediately for unsuitability.”
Smith filed a Petition for Judicial Review and an evidentiary hearing was held on March 18,2011 before First Justice Paul F. LoConto. At the hearing, Smith testified about his version of the events on the night of November 7, 2010 and presented evidence of a written statement from his wife, two personal letters *440 of recommendation, and a Basic Firearms Safety Certificate issued by the WPD. The Chiefs designee, Officer John Doucimo, an officer in the WPD Licensing Unit, and Officer James Soto also testified, and the Chief presented the suspension and revocation letters and the November 7, 2010 incident report.
On April 22, 2011, Justice LoConto issued “Findings, Rulings and Decision” in which he granted Smith’s petition and vacated the Chiefs revocation of Smith’s license to carry a firearm. In his decision, Justice LoConto stated, “where I find the petitioner’s testimony credible that no assault and battery occurred, and the complaint was dismissed at the wife’s request, reliance on a report from a non-percipient police officer, without more, in this case is an abuse of discretion.” Justice LoConto then recognized that Smith had no prior criminal record and was employed in the health care field in the community and found that he “has met his burden to produce ‘substantial evidence’ that he is a suitable person to hold a license to carry a firearm.”
DISCUSSION
This Court’s review on appeal is confined to the record of the District Court to determine whether there are substantial errors of law apparent on the record adversely affecting material rights. Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 47 (1993). The Chief contends that the District Court exceeded its scope of review under G.L.c. 140, §131(f) and substituted its opinion for that of the Chief. Smith argues that the District Court properly found the Chiefs decision to be an abuse of discretion because the Chief had no reasonable ground to revoke Smith’s license, and Smith is a suitable person to possess a license to cany firearms.
Massachusetts has enacted a regulatory scheme to control the licensing of firearms and to limit access of deadly weapons to those who are suitable and can demonstrate a proper purpose to possess a firearm. See Ruggiero v. Police Comm’r of Boston, 18 Mass.App.Ct. 256, 259 (1984). Massachusetts General Laws, chapter 140, §131(f) provides in pertinent part:
A license [to carry firearms] issued under this section shall be revoked or suspended by the licensing authority, or his designee, upon the occurrence of any event that would have disqualified the holder from being issued such license or from having such license renewed. A license may be revoked or suspended by the licensing authority if it appears that the holder is no longer a suitable person to possess such license.
The statute further provides a provision for judicial review of a decision by the licensing authority:
Any applicant or holder aggrieved by a denial, revocation or suspension of a license . . . may . . . file a petition to obtain judicial review in the district court ... A justice of such court, after a hearing, may direct that a license be issued or reinstated to the petitioner if such justice finds that there was no reasonable ground for denying, suspending or revoking such license . . .
G.L.c. 140, § 131 (f).
“To warrant a finding that a chief of police had no reasonable ground for refusing to issue a license, it must be shown that the refusal was arbitrary, capricious, or an abuse of discretion.” Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. 543, 546 (1983). A decision is not arbitrary and capricious unless there is no ground which “reasonable men might deem proper” to support it. T.D.J. Dev. Corp. v. Conservation Comm’n of North Andover, 36 Mass.App.Ct. 124, 128 (1994), quoting Cotter v. Chelsea, 329 Mass. 314, 318 (1952). The same standard of review applied to applications for licenses to carry firearms is also applied to license revocations. Godfrey, 35 Mass.App.Ct. at 47. The burden is on the applicant to produce substantial evidence that he is a suitable person to hold a license to carry a firearm. Moyer, 16 Mass.App.Ct. at 546.
A party aggrieved by a District Court decision does not have the right to a trial de novo but is limited to an action in the nature of certiorari. Godfrey, 35 Mass.App.Ct. at 43. The proper review is for the District Court to correct substantial errors of law on the record adversely affecting material rights, not to weigh evidence, find facts, or substitute its own judgment for that of the licensing authority. Police Comm’r of Boston v. Robinson, 47 Mass.App.Ct. 767, 770 (1999). Here, it is clear that the District Court exceeded its scope of certiorari review by viewing facts de novo. Instead of deciding whether there were reasonable grounds in the record for revoking the license, the District Court made its own findings of fact. Based on testimony at the hearing, Justice LoConto found that no assault and battery occurred. He then substituted his own determination of suitability based on this finding and his view of the evidence. The District Court’s action here is clearly not allowed under certiorari review. See G.L.c. 249, §4.
Pursuant to G.L.c. 140, §131(f), a correct application of the standard of judicial review requires a finding that no reasonable ground for revoking the license existed. The District Court failed to properly apply this standard when it found that the Chief abused his discretion by relying on a police report from a non-percipient witness in making his decision to revoke Smith’s license. The record shows that the Chief determined that Smith was not a suitable person to have a firearms license based upon the WPD incident report and Officer Soto’s observations on the night he was called to the Smith’s residence. Under Massachusetts law, a chief of police can properly use documents and reports maintained by police when considering an individual’s suitability despite the absence of a criminal conviction. Moyer, 16 Mass.App.Ct. *441 at 545-46 (police chiefs refusal to issue a license to cany firearms to an applicant who pled guilty to possession of marijuana was upheld even though case was later dismissed and the record of conviction sealed); Ford v. Gosselin, 2006 Mass.Super. LEXIS 123, *9 (Mass.Super.Ct. Mar. 2, 2006) (it was not an abuse of discretion for the police to consider the applicant’s threats to others when assessing his suitability despite the fact that the criminal charges against him were dismissed). It is reasonable that the Chief here viewed the incident report. The report detailed the officer’s observations and investigations which included the wife’s account of a domestic altercation which she had with Smith, the observations of Smith’s wife’s demeanor at the scene, and the uncooperative nature of Smith on the night of the incident and was used by the Chief in order to determine that Smith was not a suitable person to hold a license to carry a firearm.
ORDER
For the foregoing reasons, the District Court’s decision is REVERSED, Chief Gemme’s Motion for Judgment on the Pleadings is ALLOWED, and Smith’s Cross Motion for Judgment on the Pleadings is DENIED.

 The criminal case against Smith, which followed a similar course, was investigated and dismissed when Smith’s wife did not want to proceed with the case.