NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1074

NANCY K. DENNIS

vs.

CHIEF OF POLICE OF WAREHAM & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2022, the plaintiff's license to carry a firearm was suspended by the chief of police for the town of Wareham (defendant).  After the suspension, the plaintiff's license expired.  Thereafter, the plaintiff submitted a renewal application.  On March 14, 2023, the defendant denied that application, finding the plaintiff to be an "unsuitable" person under the version of the statute then applicable, G. L. c. 140, § 131 (d), as amended by St. 2022, c. 175, §§ 4-17A.[2]  The

---

[1] Wareham Division of the District Court Department.

[2] The new suitable person standard is not materially different.  See G. L. c. 140, § 121F (k), inserted by St. 2024, c. 135, § 32; G. L. c. 140, § 131 (d), as amended by St. 2024, c. 135, § 49.

plaintiff sought judicial review of the defendant's determination, which was denied by a District Court judge on July 10, 2023.  Pursuant to G. L. c. 249, § 4, the plaintiff filed a petition in Superior Court seeking certiorari review of the District Court's decision.  In a decision dated July 24, 2024, a Superior Court judge granted the defendant's motion for judgment on the pleadings and affirmed the decision of the District Court.  From the ensuing judgment, the plaintiff appeals.[3]  We affirm.

"Judicial review [by this court] of the [police chief's] decision proceeds under the same standard" as a review conducted by the Superior Court.  Frawley v. Police Comm'r of Cambridge, 473 Mass. 716, 729 (2016).  "We stand in the same position as the [Superior Court] judge below in making that determination."  Id. at 729-730.  "The decision by a reviewing court is a ruling of law that does not require findings of fact, determinations of credibility, or the application of administrative expertise."  Id. at 729.  We "simply must determine whether the [police chief], on the basis of the evidence before him, abused his discretion in a manner that adversely affected [the plaintiff's]

---

[3] In her brief, the plaintiff states that she appeals from both the 2022 suspension of her license to carry and the 2024 denial of her Superior Court petition for certiorari.  However, her notice of appeal only mentions the latter.  This anomaly does not affect our decision.

material rights."  Id., citing Firearms Records Bur. v. Simkin, 466 Mass. 168, 179-180 (2013) (Simkin).  "On certiorari review, the Superior Court's role is to examine the record of the District Court and to correct substantial errors of law apparent on the record adversely affecting material rights" (quotation omitted).  Frawley, supra at 727, quoting Simkin, supra at 180.

To determine whether to issue a license to carry a firearm under G. L. c. 140, § 131, the licensing authority must "ascertain whether the applicant is a 'suitable person' to possess a firearm."  Ruggiero v. Police Comm'r of Boston, 18 Mass. App. Ct. 256, 259 (1984).  "In performing [this] task, the licensing authority is given considerable latitude."  Id.  See Chardin v. Police Comm'r of Boston, 465 Mass. 314, 316 (2013), cert. denied sub nom., Chardin v. Davis, 571 U.S. 990 (2013); Chief of Police of Worcester v. Holden, 470 Mass. 845, 854 (2015).

Under the version of the statute then applicable, a person could be found "unsuitable" based on "reliable, articulable and credible information that the applicant or licensee has exhibited or engaged in behavior that suggests that, if issued a license, the applicant or licensee may create a risk to public safety or a risk of danger to self or others."  G. L. c. 140, § 131 (d), as amended by St. 2022, c. 175, §§ 4-17A.  The

3

plaintiff bore the burden to produce substantial evidence that she was suitable to carry a firearm. Chief of Police of Shelburne v. Moyer, 16 Mass. App. Ct. 543, 546 (1983).

After an evidentiary hearing in the District Court, the judge found, as supported by the transcript, as follows: to find the plaintiff unsuitable, the defendant's licensing authority designee, Lieutenant Peter Flannery, relied on the plaintiff's arrest for domestic violence against a family member. Flannery reviewed the responding officer's police report of the incident. The report detailed a statement from the alleged victim that the plaintiff had struck him with a rag that had been dipped in hot cooking oil, and that she hit him with an open hand and shoved him. It was reported that the plaintiff exhibited signs of being under the influence of alcohol. The plaintiff was arrested.

In November of 2022, in a discovery notice to the plaintiff, the district attorney's office notified the plaintiff that the victim reported that he found the towel that the plaintiff had thrown, and there was no oil on it. The discovery notice contained no statement that the victim had recanted his allegation that the plaintiff hit him with an open hand or that she had shoved him. In January of 2023, the criminal complaint against the plaintiff was dismissed for want of prosecution.

4

At the outset, we note that it was the plaintiff's burden "to produce substantial evidence that [she] is a proper person to hold a license to carry a firearm." Moyer, 16 Mass. App. Ct. at 546. In the alternative, the plaintiff had to prove that the defendant's denial constituted a decision that was "arbitrary, capricious, or an abuse of discretion." Id. at 547. Here, the defendant was entitled to rely on the police report of the domestic violence incident, which recounted the victim's factually detailed statements about the plaintiff's actions that night. See Holden, 470 Mass. at 856. Although the victim recanted the rag with the "hot oil" portion of his allegations, he did not recant his allegation that the plaintiff committed an assault and battery on him. The plaintiff provided no evidence to discount this. The fact that a district attorney chose not to prosecute the case "does not remove the chief's consideration of the incident on the question of [the plaintiff]'s suitability." Id. Indeed, "uncharged and untried criminal conduct amounting to an assault and battery may render someone unsuitable." Id. at 860. In the end, the plaintiff failed to establish that she was a suitable person, or that the police chief's denial of the license to carry was arbitrary, capricious, or an abuse of discretion.

Finally, the plaintiff claims that the denial of a license to carry a firearm violated her rights under the Second Amendment to the United States Constitution and those under Article XVII of the Massachusetts Declaration of Rights.[4] However, and as conceded at oral argument, the plaintiff failed to raise these constitutional claims in the Superior Court. In this posture, these claims are waived, and we do not address them. Kane v. Muir, 431 Mass. 1001, 1002 (2000); Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983).

Judgment affirmed.

By the Court (Meade, Shin & Tan, JJ.[5]),

Clerk

Entered: June 17, 2025.

---

[4] Counsel for the plaintiff stated at the hearing in District Court that he notified the Attorney General of the constitutional challenge. See Mass. R. A. P. 10 (a) (4), as appearing in 481 Mass. 1618 (2019) (requiring notice to Attorney General of certain constitutional claims raised in civil appeals). The Attorney General filed an amicus letter raising the procedural issue we resolve.

[5] The panelists are listed in order of seniority.