RALPH E. DWYER & another[1] *vs.* RICHARD PICCICUTO & another.[2] No. 86-584. November 23, 1987. *Summary Process, Appeal. Practice, Civil,* Summary process, Appeal, Affidavit. *Evidence,* Prima facie evidence. *District Court,* Appeal to Superior Court.

The defendants, tenants under two commercial leases, operate a bar known as Sheehan's in Northampton. Aggrieved by a judgment for the plaintiff-landlords in a summary process action in a District Court, the defendants appealed to the Superior Court pursuant to G. L. c. 231, § 97, as amended through St. 1977, c. 655, § 2. There, too, they were unsuccessful. This is an appeal from the judgment in the Superior Court after a judge of that court struck the defendants' affidavit and allowed the plaintiffs' motion for summary judgment. We reverse and remand for further proceedings.

The plaintiffs' motion for summary judgment was supported by a sworn affidavit of an agent of the plaintiffs. Appended to the affidavit were two leases, notices of default, and two decisions of the District Court judge finding that the defendants had failed to make certain repairs required by the leases.[3]

---

[1] Linda L. Rex.

[2] RMP, Corporation.

[3] In the first decision (February 12, 1985), the District Court judge found that, although the defendant had failed to make certain noise reduction alterations required

The affidavit itself also stated that the renovations required by the lease "have never been commenced or completed."[4]

The defendants' sworn affidavit, although containing some hearsay and material not here relevant, in paragraph 23 listed each of the specific repairs, see note 4, *supra*, and stated they had been made.

The defendants argue that the decision of the District Court judge should not be "of any significance." The plaintiffs, on the other hand, urge that the decisions of the District Court judge are "prima facie evidence upon such matters as are put in issue by the pleadings," citing *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 244-245 (1976). See also *Sylon Indus., Inc.* v. *Trim Knit, Inc.*, 13 Mass. App. Ct. 970, 970-971 (1982).

A summary process appeal under G. L. c. 231, § 97, is not an action to which the "prima facie" rule of G. L. c. 231, § 102C, applies. That rule, which is the basis for the opinions cited above, applies only to cases originally brought in the Superior Court, transferred to a District Court for decision, and then retransferred to the Superior Court by the party aggrieved by the decision of the District Court.[5]

---

by the lease, the failure was excused by the plaintiffs' denial of the existence of the lease. The judge concluded, "Since the Plaintiffs now agree for the first time that there exists a lease, the Defendants should be given a reasonable time to comply with these alteration provisions."

In the second decision (September 16, 1985), the one appealed to the Superior Court under G.L. c. 231, § 97, the same District Court judge found that the defendants' use of the premises interfered with the quiet enjoyment of the lessor and other lessees. He also found that the defendants had failed substantially to make the required repairs.

[4] The improvements required by the second lease were not set forth in the plaintiffs' affidavit, but the appended documents show that the five items called for were described as follows:

"(1) Install Sheehan's owned loudspeaker system ($8-12,000) [as to] which Sheehan's would have complete control over sound levels.

(2) Increase insulation to closed off stairwell between Best Heads and Electronic Center.

(3) Deflect sound by means of large shiny surface behind and above stage so as to keep Chinese restaurant quiet.

(4) Sound seal door below windows and entrance to Chinese restaurant.

(5) Insulate band room off dance floor which we believe contributes largely to the Chinese restaurant problem."

[5] The purpose of G.L. c. 231, § 102C, was to relieve congestion in the Superior Court, and the decision of the lower court judge was to "operate as an auditor's finding." See Thirty-Third Report of the Judicial Council, 42 Mass. L.Q. (No. 4) 5, 10-11 (1957). Thus, on retransfer to the Superior Court, § 102C provides: "The decision, and the amount of the damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings, and no other findings of such court shall at any time be admissible as evidence or become part of the pleadings." It should be noted that only the decision and not the findings are accorded prima facie effect.

The prima facie rule also applies under G.L. c. 231, § 104, but that section, which permits removal of cases to the Superior Court from the District Court, is explicitly made inapplicable to summary process actions. See G.L. c. 231, § 103, as amended by St. 1982, c. 304, § 1, and by St. 1987, c. 251, § 1.

General Laws c. 231, § 97, provides for an appeal to the Superior Court by a party aggrieved by a judgment of a District Court in a civil action which cannot be removed to the Superior Court. A summary process action is such an action. See second paragraph of note 5, *supra*. The last sentence of § 97, specifies that the appeal "shall [in the Superior Court] be tried and determined as if originally entered therein."

This language, it is settled, means that the appeal vacates the judgment. The whole case is considered open and the previous judgment immaterial. See *Derick* v. *Taylor*, 171 Mass. 444, 445-446 (1898); *Donnelly* v. *Montague*, 305 Mass. 14, 15-16 (1940); *Amari* v. *Rent Control Bd. of Cambridge*, 21 Mass. App. Ct. 598, 600 n.5 (1986). See also *Costarelli* v. *Commonwealth*, 374 Mass. 677, 681 (1978).

Since the prima facie rule of G.L. c. 231, § 102C, is inapposite, and since the judgment of the District Court is vacated by the appeal, the plaintiffs may not rest on the decision of the District Court judge to support their motion for summary judgment. To be sure, a transcript of portions of the testimony in that court could serve as support for the motion, see *Commonwealth* v. *Santosuosso*, 23 Mass. App. Ct. 310, 313-314 (1986), but a transcript was not here supplied.

We look to the plaintiffs' affidavit to see if it, without benefit of the decision of the District Court, may sustain the judgment. That affidavit claims that the defendants, in breach of the lease, failed to make the five required alterations. On the other hand, the defendants' affidavit specifically lists those five obligations, and states that the defendants have fully performed them. Had specific facts been sworn to by the plaintiffs or had the decision of the District Court judge been entitled to prima facie effect, the defendants' mere conclusions that they had complied with each of the five stated obligations would not have alleged specific facts to establish a genuine issue of fact. The statements could have been disregarded by the judge, and the error, if any, in striking the defendants' affidavit would have been harmless. See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 558 (1976); *Madsen* v. *Erwin*, 395 Mass. 715, 722 (1985).

Here, however, the statements contained in the plaintiffs' affidavit were no more specific than those in paragraph 23 of the defendants' affidavit. In these circumstances, it was error to strike the defendants' entire affidavit. Not only did the motion to strike fail to specify, as it should have, the grounds for each objection to the affidavit, but the judge should have disregarded "only the inadmissible portions of [the] challenged affidavit and [should have] consider[ed] the rest of it." 10A Wright & Miller, Federal Practice and Procedure § 2738, at 509 (2d ed. 1983). *Lee* v. *National Life Assur. Co.*, 632 F.2d 524, 529 (5th Cir. 1980). At trial, a judge would "not strike the entire testimony of a witness merely because a portion of his testimony is incompetent. The same rule is to be applied to supporting affidavits." *Dickheiser* v. *Pennsylvania R.R.*, 5 F.R.D. 5, 9 (E.D. Pa.), aff'd, 155 F.2d 266 (3d Cir. 1946), cert. denied, 329 U.S. 808 (1947).

The plaintiffs urge that the affidavit of the defendant Piccicuto is not made on personal knowledge. Since he was the owner-operator of Sheehan's, it may be inferred that he has personal knowledge of the facts concerning the repairs.

In sum, on the materials before the Superior Court judge, it was error to allow the motion for summary judgment. Accordingly, the judgment is reversed and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Richard M. Howland* for the defendants.
*Benjamin A. Barnes* for the plaintiffs.