PATRICK T. GODFREY *vs.* CHIEF OF POLICE OF WELLESLEY.

No. 91-P-1460.

Norfolk. March 4, 1993. - July 27, 1993.

Present: PERRETTA. FINE. & JACOBS. JJ.

*Firearms. License. Practice, Civil*, Relief in the nature of certiorari.

A determination by a District Court judge under G. L. c. 140, § 131, reviewing the decision of a chief of police to revoke an individual's license to carry firearms is reviewable in the Superior Court by an action in the nature of certiorari, G. L. c. 249, § 4, and not in a de novo proceeding pursuant to G. L. c. 231, § 97. [43-46]

The standard of judicial review of a revocation of a license to carry firearms under G. L. c. 140, § 131, is the same standard applicable to a refusal to grant or renew such license, viz., whether there was "no reasonable ground" for revocation. [46-47]

A police chief's revocation of a person's license to carry firearms on the basis that he was no longer a "suitable person to be licensed to carry a firearm" was not arbitrary, capricious, or an abuse of discretion, in circumstances where the person had refused to cooperate with the police in their investigation of gunshots having been fired into a school, a private residence, and an automobile. [47-48]

CIVIL ACTION commenced in the Dedham Division of the District Court Department on January 31, 1990.

On appeal to the Superior Court Department, the case was heard by *Roger J. Donahue*, J., on motions for summary judgment.

*Dennis R. Brown* for the plaintiff.

*Albert S. Robinson*, Town Counsel, for the defendant.

PERRETTA, J. When the plaintiff, Patrick T. Godfrey, refused to cooperate with the Wellesley police in their investigation of recent random shootings, the defendant, the chief of police (chief), revoked his license to carry firearms. Godfrey sought judicial review of the revocation in the District Court pursuant to G. L. c. 140, § 131. The judge found that the chief had not abused the discretion conferred upon

him by the statute and dismissed the petition. Godfrey next claimed an appeal to the Superior Court under G. L. c. 231, § 97. After a hearing on cross motions for summary judgment brought under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), each of which was accompanied by materials not presented in the District Court, the Superior Court judge ordered entry of judgment for the chief. Godfrey's argument before us is that it was error to allow the chief's motion where the rule 56(c) materials demonstrated that there were questions of fact in dispute on the issue of whether the chief had revoked the license because Godfrey had asserted his constitutional rights. We conclude that the proceeding in the Superior court was an action in the nature of certiorari and not a hearing de novo. As there are no substantial errors of law apparent on the District Court record adversely affecting material rights, we affirm the judgment.

1. *The facts.* A license to carry firearms issued under G. L. c. 140, § 131, as appearing in St. 1986, c. 481, § 2, is subject to revocation "for cause at the will of the authority issuing the same." We recite those facts which prompted the chief's decision as they appear in his notice of revocation to Godfrey. The police were investigating recent incidents of gunshots having been fired into a school, a private residence, and an automobile. They had attempted to speak with and to question Godfrey about the shootings because they had information that the gun might have belonged to him and that it might have been disposed of near an elementary school.

Notwithstanding the serious danger that existed, especially to children, Godfrey invoked his constitutional rights and refused to cooperate with the police. The chief stated that while he respected Godfrey's constitutional entitlements, he also had to recognize the "serious danger which continues to exist." It is on that basis that the chief determined that Godfrey was "no longer a suitable person to be licensed to carry a firearm."

2. *Judicial review.* The chief's decision was subject to judicial review in the District Court pursuant to § 131, which provides that a "justice of said court, after having heard all

of the facts, may direct the license be reinstated if he finds that there was no reasonable ground for revoking said license." After the District Court judge found that the chief had acted "well within his statutory authority" and dismissed the petition, Godfrey claimed an appeal to the Superior Court under G. L. c. 231, § 97, as appearing in St. 1973, c. 1114, § 193.

As pertinent, § 97 reads: "[A] party aggrieved by the judgment of a district court in a civil action which could not have been removed to the superior court may appeal therefrom to said court . . . . The case shall be entered in the superior court . . . and shall there be tried and determined as if originally entered therein." Although Godfrey asserted· his constitutional rights and refused to testify at the District Court hearing on his petition, he somewhat altered his course in the Superior Court. Apparently relying upon the final words of § 97 — "and determined as if originally entered therein" — Godfrey filed a "pre-hearing memorandum" in which he identified the witnesses he intended to call to testify and the documents he intended to introduce in evidence to show that the revocation was retaliatory and not for cause. He also opposed the chief's motion for summary judgment with a sworn affidavit in which he stated, for the first time, that he did not now or ever own a firearm nor did he have any information "which would suggest" the facts recited by the chief in the notice of revocation. The Superior Court judge did not consider Godfrey's affidavit and, instead, confined himself to a review of the District Court record.

In determining whether the proceedings in the Superior Court were de novo, we first consider the nature of the petition for review in the District Court. In the strict sense, "judicial review" means a "re-examination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment." *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston*, 369 Mass. 84, 87 (1975). Although § 131 gives the proceedings the "judicial review" denomination, the statute contemplates an eviden-

tiary hearing. It directs that a decision be made "after having heard all of the facts." That is not to say, however, that the purpose of the hearing is to allow for a reversal of the chief's decision on the basis of a difference of opinion as to how he should have exercised the broad discretion conferred upon him by § 131. The District Court proceedings are narrow in scope, and the question for determination is whether, on all the facts, "there was [a] reasonable ground for revoking said license."

Neither the nature nor the purpose of a petition for judicial review under § 131 supports a claim of entitlement to de novo proceedings pursuant to G. L. c. 231, § 97. Because, by its own terms, § 97 applies only to civil actions "which could not have been removed to the superior court," we think it must be read in the context of G. L. c. 231, § 102C, § 103, and § 104, the removal and remand statutes. Those provisions serve to satisfy the right to trial by jury as guaranteed by art. 15 of the Massachusetts Declaration of Rights and to relieve congestion in the Superior Court. See *Lubell* v. *First Natl. Stores, Inc.,* 342 Mass. 161, 163-165 (1961); *Dwyer* v. *Piccicuto,* 25 Mass. App. Ct. 910, 911 n.5 (1987). See generally Perlin & Connors, Handbook of Civil Procedure in the Massachusetts District Court §§ 2.1-2.16 (2d ed. 1990).

In those cases where actions have been brought to the Superior Court under G. L. c. 231, § 97, the section has been invoked because the aggrieved party had an independent statutory basis for appealing to that court, but no procedural vehicle by which to do so. See, e.g., *Gentile* v. *Rent Control Bd. of Somerville,* 365 Mass. 343, 346 n.3 (1974), citing *Freedman* v. *Rent Control Admr. of Cambridge,* 1 Mass. App. Ct. 836 (1973). As these cases reveal, § 97 does not create the substantive right to further proceedings. Rather, § 97 serves as a remedial substitute in those situations where a party has a right to further proceedings in the Superior Court but removal procedures are unavailable. See, e.g., *Hatfield* v. *Klimoski,* 338 Mass. 81, 82-83 (1958); *Walker* v. *Board of Appeals of Harwich,* 388 Mass. 42, 45-48 (1983).

As there is neither a right to a jury determination in gun licensing matters under G. L. c. 140, § 131, cf. *Commonwealth* v. *Mongardi*, 26 Mass. App. Ct. 5, 7-8 (1988), nor an independent statutory basis for review beyond that provided for in § 131, Godfrey was not entitled to a de novo hearing in the Superior Court under G. L. c. 231, § 97. His sole remedy, therefore, was a "civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal. . . ." G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289.[1]

3. *The standard of review.* In considering whether an applicant should be granted a license or a renewal thereof under § 131, the licensing authority has been given "considerable latitude." *Ruggiero* v. *Police Commr. of Boston*, 18 Mass. App. Ct. 256, 259 (1984). See also *MacNutt* v. *Police Commr. of Boston*, 30 Mass. App. Ct. 632, 635 (1991). When the license is either not granted or not renewed, the applicant is entitled to relief upon a petition for review only where the District Court judge finds that "there was no reasonable ground for refusing such license and that the applicant was not prohibited by law from holding the same."[2] G. L. c. 140, § 131. That finding is warranted only upon a showing by the applicant that the licensing authority's "refusal [to grant or to renew the license] was arbitrary, capricious, or an abuse of discretion." *Chief of Police of Shelburne* v. *Moyer*, 16 Mass. App. Ct. 543, 546 (1983). See also *Ruggiero* v. *Police Commr. of Boston*, 18 Mass. App. Ct. at

---

[1]Our conclusion is not inconsistent with *Ruggiero* v. *Police Commr. of Boston*, 18 Mass. App. Ct. 256, 257 n.1 (1984). In that case the petitioner appealed to the Superior Court under § 97, and the court noted that review was also available by an action in the nature of certiorari. There, however, the § 97 appeal was not challenged upon procedural grounds, and it does not appear that the parties attempted to go beyond the District Court record. In the present case, the chief seeks to uphold the Superior Court judgment on the basis that Godfrey was not entitled to a de novo hearing.

[2]The second paragraph of § 131 "except[s]" certain specified persons from its licensing provisions as matter of law.

259; *MacNutt* v. *Police Commr. of Boston,* 30 Mass. App. Ct. at 636.

In providing for judicial review of license revocations, § 131 uses language which is identical to that used in respect to review of denials of original applications and renewals, viz., relief only where the judge finds that "there was no reasonable ground for revoking said license." We, therefore, apply the same standard as that which controls in license applications and renewals. See *Mayor of Revere* v. *Civil Serv. Commn.,* 31 Mass. App. Ct. 315, 321-322 (1991).

Although § 131 permits the issuance and renewal of licenses upon a finding by the authority that the applicant is a "suitable person," it allows for revocation of the license "for cause at the will of the authority issuing the same. . . ." Because the chief revoked Godfrey's license on the stated basis that he was no longer a "suitable person to be licensed to carry a firearm," we need not consider whether the words "for cause at the will of the authority" permit revocation of a license for a reason unrelated to the licensee's suitability to carry firearms. But see *Hartford Ins. Co.* v. *Hertz Corp.,* 410 Mass. 279, 283 (1991) ("[W]hen the Legislature has employed specific language in one part of a statute, but not in another part which deals with the same topic, the earlier language should not be implied where it is not present"). In any event, we think it obvious that if a person is no longer suitable to carry a firearm, cause for revocation exists.

4. *Cause for the revocation.* "As the review by the Superior Court was confined to the record of the District Court, our review on appeal is also directed to that record to determine whether there are substantial errors of law apparent on that record adversely affecting material rights. *Cambridge Housing Authy.* v. *Civil Serv. Commn.,* 7 Mass. App. Ct. 586, 587-588 (1979), and cases therein cited. *Murray* v. *Second Dist. Court of E. Middlesex,* 389 Mass. 508, 511 (1983)." *Chief of Police of Shelburne* v. *Moyer,* 16 Mass. App. Ct. at 544.

The District Court record shows that Godfrey, in the face of what the chief reasonably deemed to be a continuing and

serious danger to the safety of the public, especially young children, refused to cooperate with the police investigation and respond to questions. Although Godfrey might have been well within his rights in declining to answer, and although he might be entitled to some remedy upon proof of his claim that the revocation was "in retaliation" for his assertion of his rights, cf. *Rzeznik* v. *Chief of Police of Southampton*, 374 Mass. 475, 484-486 (1978), that remedy is not reinstatement of his firearms license. The record shows that Godfrey did not sustain his burden of showing that the chief's decision was arbitrary, capricious, or an abuse of discretion.

*Judgment affirmed.*