Connolly, J.
This civil motion is brought in the nature of a certiorari, to determine whether there were substantial errors of law apparent on the record, adversely affecting the material rights of the petitioner. The Court has reviewed, after hearing, the entire record of the hearing on appeal in the Cambridge District Court on April 24, 2002 under G.L.c. 149, 131(d).
This issue involves the denial to the Plaintiff of a license to carry a firearm. The plaintiff was viciously attacked in 1991 and was hospitalized for a significant period of time. The attacker was convicted, and sentenced to State Prison. The plaintiff has received various threats from this individual. His work also requires him to travel in areas and at times when it may be considered dangerous.
This is the second time around on this issue. In 1997, the plaintiff applied for said license. The Chief of Belmont Police denied him the gun permit; he appealed to the District Court. After hearing, District Court Judge Jonathan Brant ordered the Chief of Police of Belmont to approve the Plaintiff for a gun permit (Class A firearm) on the issue of need.
Unfortunately the plaintiff let his gun license lapse for a veiy short period of time, applied for it at the Belmont Police and was informed that he would have to start all over again in applying for a gun license. His application to the Belmont Police for a new gun permit was denied because (1) he had a “hostile” attitude with Lt. Reilly when he was told that he had to start all over again applying for his gun license and (2) that he had to be told to leave the scene where a Belmont Police Officer pulled over a lady friend on a traffic stop.
At the hearing in the District Court, Judge Singleton in the transcript properly did not give any weight to the traffic stop of a friend, when he was told to get back in his car, nor to his hostile attitude when told that his license had expired. Judge Singleton indicated that he would only decide the matter on the issue of need. Judge Singleton basically dismissed any other reason for the denial of the license to carry a gun. (See: p. 29, lines 20 and 21.) This Court agrees with Judge Singleton, that the only issue to be decided is the issue of need.
Accordingly, the issue to be decided is whether the denial of a gun permit constitutes an error of law, and was arbitrary, capricious and an abuse of discretion, when another judge ordered the previous permit to be granted under the same facts and same circumstances. In light of the unchanged facts involving this gun license and its need by plaintiff, there appears to the Court that there was no reasonable ground for refusing the license. The licensing authority’s refusal to grant or to renew the license was arbitrary, capricious and an abuse of discretion. While the police are allowed discretion, they can not make a decision that is arbitrary, capricious or an abuse of discretion. The law requires reasonable justification for the denial of an applicant’s license. Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 45-46 (1993). Here there were two reasons which the District Court judge and this judge have found are not valid reasons, factually or legally. Thus, the refusal to grant the gun license, on grounds that were previously rejected by Judge Brants (that is on the issue of need) is arbitrary, capricious and an error of law.
*607 ORDER
It is ORDERED that order/judgment of the District Court is reversed and the Chief of Police of Belmont is ORDERED to approve a gun permit forthwith for the plaintiff, Ilhan Hakioglu.