# RESCRIPT OPINIONS.

DOUGLAS R. HOWARD *vs.* CHIEF OF POLICE OF WAKEFIELD & others.[1] No. 01-P-331. August 25, 2003. *Firearms. License. Police,* Firearms. *Practice, Civil,* Relief in the nature of certiorari. *Constitutional Law,* Ex post facto law, Right to bear arms.

The plaintiff's application to renew his license to carry firearms (G. L. c. 140, § 131, as amended through St. 1998, c. 358), class A (large capacity firearms), was denied by the chief of police following an investigation that disclosed, among other things, that the plaintiff's existing carrying license had been suspended, and the plaintiff had been ordered to surrender all arms and ammunition, by orders issued under G. L. c. 209A, §§ 3B, 3C. These orders were in effect from July 21, 1997, until replaced by a domestic relations order issued by the Probate Court on August 7, 1997, under G. L. c. 208, § 18. That order was not revoked until November, 1998, at which time the plaintiff's license and firearms were returned. The last order was issued during divorce proceedings in which the plaintiff's spouse charged that the plaintiff had threatened to break the windows of her car and that some person, during the pendency of the divorce proceedings, had slashed the tires of her car and had tried by poison to inflict malicious damage on a specimen tree she prized. The plaintiff was ordered to stay at least twenty-five yards away from his wife, not to abuse her, and to stay away from the marital home. In response to the District Court's temporary and permanent abuse prevention orders, the plaintiff had surrendered guns numbering two dozen, including shotguns, pistols, and arcana such as a spear gun.

The reason the police gave for refusing the renewal was that the plaintiff was not "a suitable person" as evidenced by the fact that he had been deemed by the two courts, including in one case after opportunity for hearing, not to be safely entrusted with firearms and had been made the subject of an abuse prevention order by a third court after opportunity for hearing. "It is the policy of [the] Wakefield Police that we do not issue a license to carry a firearm to anyone who has been a defendant on a [c.] 209A order which is not an emergency order. A judge, upon hearing the evidence in your case, found cause to issue a protective order. Those facts do not change when an order expires or is not renewed." A judge of the District Court upheld the denial of the license. The plaintiff then filed a complaint for certiorari in the Superior Court. After a hearing, a judgment entered dismissing the complaint. The plaintiff appealed.

[1]Lieutenant Robert Thistle, who was designated by Chief of Police Stephen Doherty to act as his agent for purposes of issuing firearms permits and licenses, and Malden District Court Division of the Trial Court.

Subject to specific exceptions set out by the statute, a chief of police may issue a carrying license "if it appears that the applicant is a suitable person to be issued such license" and has an acceptable reason for requesting such a license. G. L. c. 140, § 131(*d*). The "suitable person" standard vests in the chief broad discretion or "considerable latitude." *Ruggiero* v. *Police Commr. of Boston*, 18 Mass. App. Ct. 256, 259 (1984). In order to direct that such a license be issued or reinstated over the chief's denial, a judge must "find[] that there was no reasonable ground for denying, suspending or revoking such license. . . ." G. L. c. 140, § 131(*f*). See *Godfrey* v. *Chief of Police of Wellesley*, 35 Mass. App. Ct. 42, 46 (1993). To warrant such a finding, "it must be shown that the refusal [to grant the license] was arbitrary, capricious, or an abuse of discretion." *Chief of Police of Shelburne* v. *Moyer*, 16 Mass. App. Ct. 543, 546 (1983). The burden of making the showing is on the applicant. *Ibid.*

The judge of the District Court did not err in declining to find abuse of discretion, and the Superior Court judge did not err in dismissing the complaint for certiorari. "The standard of review in an action in the nature of certiorari is 'to correct substantial errors of law apparent on the record adversely affecting material rights.' " *MacHenry* v. *Civil Serv. Commn.*, 40 Mass. App. Ct. 632, 634 (1996), quoting from *Commissioners of Civil Serv.* v. *Municipal Ct. of Boston*, 369 Mass. 84, 90 (1975). Even if the order entered by the Probate Court fell outside the police department's articulation of its policy as applicable to c. 209A orders, the order entered under G. L. c. 208, § 18, was sufficiently similar in purpose and effect to constitute, given the chief's broad discretion, a basis for refusal. Both were abuse prevention orders, and both stated that violation would constitute a criminal offense. See *Hennessey* v. *Sarkis*, 54 Mass. App. Ct. 152, 155-156 & n.7 (2002). While the department's policy as articulated had no cutoff point, so that a nonemergency c. 209A order entered for a short period in the distant past could theoretically constitute a permanent bar to issuance of a carrying license, the judge properly confined his ruling to the question whether such a policy could be applied to one who had within recent months been subject to an abuse prevention order. The Probate Court's abuse prevention order had only expired three months before the application for renewal of the carrying license, and the judge indicated that he would view the calculus differently when more time had passed without further domestic discord.

The changes wrought by the 1998 amendments to G. L. c. 140, § 131, St. 1998, cc. 180, § 41, & 358, did not materially alter the considerations affecting the discretion of the police chief so as to give rise to concerns about their "retroactive" application to c. 209A orders entered prior thereto; moreover, constitutional "[prohibitions of] *ex post facto* legislation are not directed against changes in the civil law." *Reale* v. *Judges of the Superior Court*, 265 Mass. 135, 139 (1928). Nor has the plaintiff's right to due process been violated. "The full panoply of procedures usually available at a trial is not required in the review by a District Court in a case of this nature." *Chief of Police of Shelburne* v. *Moyer*, 16 Mass. App. Ct. at 547. There is no right to a jury trial in firearms licensing matters. *Godfrey* v. *Chief of Police of Wellesley*, 35 Mass. App. Ct. at 46. Nor was any property right infringed upon here, as Howard alleges. The Declaration of Rights of the Massachusetts Constitution provides the private citizen no right to keep and bear arms, and

thus there is no "question of a property right or deprivation of liberty involved in the statutory procedures for obtaining a license to carry firearms." *Chief of Police of Shelburne* v. *Moyer*, 16 Mass. App. Ct. at 547.

The judge correctly dismissed the plaintiff's complaint for certiorari.

*Judgment affirmed.*

*Robert J. Forrest* (*Albert G. Tierney* with him) for the plaintiff.

*Thomas A. Mullen* for the defendants.