Henry, Bruce R., J.
The Chief of Police of the City of Leominster (Chief) brings this action in the nature of certiorari under G.L.c. 249, §4 for review of a District Court decision which reversed his decision to deny the application of Patrick Scorzelli for a license to carry firearms. For the reasons discussed below, the District Court’s decision is REVERSED.

BACKGROUND

In 1998, Patrick Scorzelli (Scorzelli) filed an application to renew a license to carry firearms pursuant to G.L.c. 140, §131 with the Leominster Police Department. On or about June 15, 1998, Lieutenant Pellechia, on behalf of the Chief, advised Scorzelli that the application was being denied as he was an unsuitable person to possess a license to carry a firearm. Scorzelli filed a petition for a judicial review of that denial in the Leominster District Court. After a trial, the District Court issued a Memorandum of Decision dated January 13, 2003, reversing the denial of the license application. The Chief then brought this action challenging the decision of the District Court.

DISCUSSION

This Court’s review of the District Court’s decision is limited to correcting any substantial errors of law, evidenced in the record of the District Court proceedings, which adversely affect a material right of the plaintiff, or the real interest of the general public. Carney v. Springfield, 403 Mass. 604, 605 (1988). The real interest of the public may be adversely affected by the erroneous reinstatement of a firearms license. Police Commissioner of Boston v. Robinson, 47 Mass.App.Ct. 767, 771 (1999).
The goal of firearms control legislation in Massachusetts is to limit access to deadly weapons by irresponsible persons. Ruggiero v. Police Commissioner *82 of Boston, 18 Mass.App.Ct. 256, 258 (1984). Consistent with those aims, G.L.c. 140, §131 directs that a two-step inquiry be made before a license is issued. The licensing authority must first ascertain whether an applicant is a “suitable person” to possess a firearm. If satisfied that the applicant is suitable, the licensing authority- must then inquire whether the applicant can demonstrate a “proper purpose” for carrying a firearm. Ruggiero, 18 Mass.App.Ct. At 259. In performing its tasks, the licensing authority has considerable latitude. Id. “To warrant a finding that a chief of police had no reasonable ground for refusing to issue a license it must be shown that the refusal was arbitrary, capricious, or an abuse of discretion.” Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. 543, 546 (1983).
The Chiefs complaint in this matter is that the District Court made an error of law or applied the incorrect standard of review when making its decision. The District Court judge concluded that Scorzelli was entitled to renewal of the firearms license because he had produced substantial evidence that he was a proper person to hold such a license. For the reasons which follow, the District court committed an error in reversing the decision of the Chief.
The scope of review by the District Court is narrow and it may not reverse a licensing authority’s decision based on a difference of opinion as to the authority’s exercise of its discretion. Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 45 (1993). The standard of review to be applied by the District Court is set by G.L.c. 140, § 131 (f), which states, in pertinent part:
A justice of such court, after a hearing, may direct that a license be issued or reinstated to the petitioner if such justice finds that there was no reasonable ground for denying, suspending or revoking such license and that the petitioner is not prohibited by law from possessing same. (Emphasis added.)
A finding that there was no reasonable ground for denying a license can only be warranted upon a showing by the applicant that the licensing authority’s refusal was arbitrary, capricious, or an abuse of discretion. Godfrey, at 46. A decision is not arbitrary or capricious unless there is no ground which “reasonable men might deem proper” to support it. TDJ Development Corp. v. Conservation Commission of North Andover, 36 Mass.App.Ct. 124, 128 (1994), quoting Cotter v. Chelsea, 329 Mass. 314, 318 (1952). There is nothing in the record suggesting that the denial of the application in this case was arbitrary or capricious or an abuse of discretion. It is clear that Lt. Pellechia determined that Scorzelli was not a “suitable person” to have a firearms license based on numerous criminal complaints against him. Notwithstanding that the charges never ended in convictions, or that they were essentially all brought by one person, or that Scorzelli had no criminal record before or since those complaints, it was cerned about his having a license to carry firearms.
Furthermore, the first part of the required test for the granting of a license. The District Court, while reciting the applicable standards in its decision, did not address whether the decision of the Chief was arbitrary, capricious, or an abuse of discretion. Although after the filing of this complaint by the Chief, Scorzelli obtained a “clarification” by the District Court judge that he had found the decision to be arbitrary and capricious “by inference,” that finding is not in the decision of the Court which is under review by this Court. The District Court’s ruling was simply that Scorzelli had met the second part of the test, which allows for issuance if the applicant is not prohibited by law from holding a license. The District Court found that because Scorzelli had provided substantial evidence of his suitability to carry a firearm, the denial should be reversed. In the memorandum of decision, there was no finding by the District Court or even a suggestion that the District Court found the decision to be arbitrary, capricious, or an abuse of discretion. The subsequent “clarification” by the District Court, which came four months after the decision at issue and only after the complaint in this matter had been filed, will not be considered by this Court in evaluating the decision of the District Court.
The District Court erred in its standard of review. It is ORDERED, therefore, that the decision of the Leominster District Court reversing the denial of Scorzelli’s application for a firearms license is VACATED, and the decision by the plaintiff to deny the license is AFFIRMED.