Roach, Christine M., J.
Plaintiff is here on a writ of certiorari pursuant to G.L.c. 249, section 4, to challenge a decision and order of September 6, 2007 by the Westborough District Court (Waikowski, J.), which in turn upheld Defendant Chief Hester’s denial of a license to cany firearms pursuant to G.L.c. 140 section 131. Plaintiff has moved for judgment on the pleadings, and Defendant Hester has cross moved. Following hearing before this court on October 23, 2008 and review of the full record before the District Court, Plaintiffs motion for judgment is DENIED, and Defendant’s motion for judgment is GRANTED.

Legal Standard

There is no dispute about the legal standard governing this court’s review. Under G.L. Chapter 249 section 4, the function of judicial review is to correct errors of law apparent on the record, which adversely effect material rights. Relief in the nature of certiorari is only warranted where a plaintiff demonstrates errors that are “so substantial and material that, if allowed to stand, they will result in manifest injustice to a petitioner who is without any other available remedy.” Johnson Products, Inc. v. City Council of Medford, 353 Mass. 540, 541, n.2 (1968); Tracht v. County Commrs. of Worcester, 318 Mass. 681, 686 (1945). On certiorari, the court is not authorized to weigh evidence, find facts, exercise discretion, or sub *642 stitute its judgment for the prior fact finder. The court’s role is limited to determining whether the decision below is legally erroneous, or so devoid of factual support as to be arbitrary and capricious. FIC Homes of Blackstone, Inc. v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684-85 (1996).
This standard has frequently been applied in the context of gun permits. In order to direct that a license be issued or reinstated over a chief of police’s denial, a judge must find there were no reasonable grounds for denying, suspending or revoking such a license. Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 46 (1933). To warrant such a finding, the applicant must demonstrate the decision was arbitrary, capricious or an abuse of discretion. Chief of Police of Shelburne v. Moyer, 16 Mass.App.Ct. 543, 546 (1983). By statute, the applicant was entitled to relief from the District Court only if that court found there was no reasonable ground for refusing the license. G.L.c. 140, section 131; Godfrey, 33 Mass.App.Ct. at 46. There is no de novo hearing here; this court’s review is confined to the record before the District Court. Id. at 47.

Discussion

The sole ground for denial of Plaintiffs license application was unsuitability, and the sole basis for the Defendant’s determination of unsuitability were the circumstances surrounding entry of Plaintiffs home in the middle of the night by two police officers, which entry resulted in Plaintiffs firing his weapon and seriously injuring one of those officers. Defendant relied on a series of police reports of the incident and its immediate aftermath, including various gradations of hearsay about the event itself, as well as about the Plaintiffs health and personal habits, to make his decision. Defendant was entitled to rely on such hearsay for his decision; and the District Court in its review properly heard both direct and cross-examination testimony regarding that information. Chief of Police of Shelburne, 16 Mass.App.Ct. at 546-47.
Plaintiffs primary argument is that, because his actions on that evening could be viewed as understandable in the context of all the circumstances, and explained as a rational defense of his home and his person, it was unreasonable for the police chief to arrive at the opposite conclusion, and find him unsuitable by reason of a negligent discharge. By extension Plaintiff argued at hearing that the quality of the information relied upon by the Chief — for example: the information about plaintiffs night vision; the responding officers’ thoroughness in vetting the identity of the person in the house; and their method of entry, which did not include identifying themselves until the final moment — was so poor as to rise to the level of insufficiency of evidence. In short Plaintiff claims the Chief s decision could not have been reasonable, because it was wrong. And it was wrong because it was based on poor qualify facts, or conflicting evidence. By this creative re-working of the standard, Plaintiff seeks to prove capriciousness as a matter of law.
The insurmountable difficulty for Plaintiff in the present posture of the case, however, is that he has already made that very argument, unsuccessfully, before the District Court. After holding an evidentiary hearing and assessing the demeanor of the decision maker, the District Court judge explicitly found the Chiefs finding of unsuitability to be “supported by the evidence or hearing record.” The District Court went on to find that “Chief Hester could have denied license for either defendant’s night vision disability or his negligent discharge of a firearm.” Docket, Paper 5 at page 3.
As in all circumstances where a prior, authorized, finder of fact assesses the weight and credibility to be afforded proffered evidence, the law properly accords deference to the finding of the District Court. Chief of Police of Shelburne, 16 Mass.App.Ct. at 547. This court has no authority to re-find the facts. It matters not for purposes of certiorari whether reasonable minds — judicial or otherwise — could differ when faced with these facts. The only basis for a different decision by this court would be if the record demonstrated that both prior decision makers — the Chief of Police and the District Court judge — were so indisputably wrong as a matter of law that justice required a third set of eyes to intervene. I do not find a basis in this record for any such error of law, and thus decline to do so.

Conclusion

For the reasons contained herein and reflected by this record, Defendant’s Cross Motion for Judgment on the Pleadings is GRANTED. Judgment shall enter for Defendants and the case shall be dismissed with prejudice.