Kaplan, Mitchell H., J.
Plaintiff, Gary J. Gemme, as he is Chief of Police for the City of Worcester (Chief Gemme), filed a writ of certiorari, pursuant to G.L.c. 249, §4, seeking a review of a decision and order issued by the Worcester District Court directing Chief Gemme to renew the defendant, Gerald F. Gallo’s, license to carry a firearm. The matter is now before the court on Chief Gemme’s motion for judgment on the pleadings. For the reasons set forth below, the motion is AL *288 LOWED, in part, and DENIED, in part, and the matter remanded to the District Court for further proceedings consistent with this Memorandum of Decision and Order.

PROCEDURAL BACKGROUND

Gallo had been licensed to cany a firearm pursuant to G.L.c. 140, §131, since 1980. Sometime after 2003, Chief Gemme became the “licensing authority” in Worcester, within the meaning of subsection (d) of §131, authorized to issue such licenses. In May 2007, Gallo applied to renew his firearm license. In December 2007, Chief Gemme sent Gallo a letter in which he denied his request to renew. Gallo then timely filed a petition in the Worcester District Court to obtain judicial review of Chief Gemme’s decision. On May 15, 2008, an evidentiary hearing on the petition was convened; and on May 23, 2008, the District Court issued its decision directing Chief Gemme to renew Gallo’s license. Chief Gemme then filed the instant writ of certiorari challenging the District Court’s decision and order.

FACTS

The District Court made detailed findings of fact that will only be summarized briefly here. Gallo had been licensed to carry firearms under §131 since 1980, without incident. He is a member of a gun owners organization and an avid gun collector possessing a collection worth many thousands of dollars. He is a local businessman, does not use drugs or alcohol, and is a FAA certified flight instructor.
Gallo had been arrested three times: once in 1994 and twice in 1997. The 1994 arrest involved charges that Gallo left the scene of an automobile accident and was a disorderly person (apparently as a result of a verbal exchange with a police officer following the accident). Gallo was acquitted of those charges. The first 1997 arrest included charges that Gallo had purchased crack cocaine, and the second concerned a motorcycle accident in which Gallo was charged with operating under the influence of alcohol. Both 1997 matters were continued without findings and subsequently dismissed. After these incidents, Gallo listed the arrests on each occasion that he applied for renewal of his firearm license, including the renewal at issue in the instant case. Chief Gemme’s letter denying Gallo’s application to renew his license relied upon the police reports concerning these three incidents as the grounds for his denial.

DISCUSSION

“When [a license to carry a firearm] is either not granted or not renewed, the applicant is entitled to relief upon a petition for review only where the District Court judge finds that ‘there was no reasonable ground for refusing such license and that the applicant was not prohibited by law from holding the same.’ G.L.c. 140, §131. That finding is warranted only upon a showing by the applicant that the licensing authoriiy’s ‘refusal [to grant or to renew the license] was arbitrary, capricious, or an abuse of discretion.’ ’’ Godfrey v. Chief of Police, 35 Mass.App.Ct. 42, 46 (1993) (internal citations omitted).
Actions in the nature of certiorari are the appropriate means to obtain review of a District Court decision issued in connection with the denial or revocation of a permit to carry firearms by a licensing authority, and the standards to be applied by the Superior Court in conducting that review are well-settled: “[o]n certio-rari, the court is not authorized to weigh evidence, find facts, exercise discretion, or substitute its judgment for the prior fact finder. The court’s role is limited to determining whether the decision below is legally erroneous, or so devoid of factual support as to be arbitraiy and capricious." Ragsdale v. Hester, 2008 WL 4926266 (Mass.Super., Oct. 30, 2008) (Roach, J.) [24 Mass. L. Rptr. 641], citing FIC Homes of Blackstone, Inc. v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684-85 (1996).
Turning to the present case, the District Court judge heard evidence concerning Gallo’s conduct, community position, experience with guns and gun collecting, and length of time as a licensed gun owner. He weighed that evidence together with the information in the police reports and considered the final disposition of the charges associated with those reports. He then found that Chief Gemme’s decision was arbitrary and capricious. However, in arriving at that finding, the District Court judge made the following statement: “G.L.c. 140, §131 states that a license may be denied or revoked if it appears that the holder is ‘no longer a suitable person.’ ” (Emphasis in original.) That statement is not accurate. §131(f) states that: “[a] license may be revoked or suspended by the licensing authority if it appears that the holder is no longer a suitable person to possess such license." That provision of the statute addresses a circumstance in which the licensing authority acts to revoke or suspend a license which otherwise would remain in effect until its next renewal date. The governing standard for granting either an initial application, or renewal, is that “the applicant is a suitable person to be issued such license.” While the distinction is subtle, it potentially could, in some circumstances, lead to different results. The “no longer" standard suggests that a licensing authority could not revoke or suspend, unless the license holder did something to cause him/her to become unsuitable since the license was granted, or perhaps if newly discovered evidence not known to the licensing authority came to light after the license was issued. With respect to a renewal, the licensing authority is presumably entitled to take a fresh look at suitability — -whether or not the person responsible for deciding licensure has changed. Stated differently, the licensing authority could, in theory, refuse to renew, even if it had previously granted a license with knowledge of the facts that now causes it to conclude that the applicant for renewal is unsuitable.
*289 In this case, the court finds that the District Court judge did not err by taking into consideration as facts to be weighed and considered the circumstance that Gallo had been a licensee for decades and had his license renewed following the 1994 and 1997 events. The court, however, cannot determine if the District Court would have reached the same result without reference to the words “no longer” in its description of the legal standard to be applied to Chief Gemme’s decision to deny renewal.
ORDER
For the foregoing reasons, it is ORDERED that the motion for judgment on the pleadings is ALLOWED, in part, and DENIED, in part.' The court orders that judgment enter vacating the District Court’s order directing Chief Gemme to renew Gallo’s license and remanding this case to the District Court for further consideration consistent with this Memorandum of Decision and Order.