By the court:

The subject matter of this case relates to the disposition of the cremated remains of plaintiffs’ mother Greta Marie Brown (Greta). The action was originally filed in the Superior Court on March 24,2004 and remanded to the Dorchester Division of the Boston Municipal Court (BMC) on May 25,2005. The case was eventually tried by a jury of six in the Brighton Division.
On June 12,2007, a jury returned a verdict for plaintiff Kimmy Brown (Kimmy) on counts of breach of contract, negligence and negligent infliction of emotional distress and awarded damages of $100,000 on the count for negligence. The jury returned a verdict for plaintiff Joy Brown (Joy) on the same counts and awarded damages for negligence in a similar amount. The defendant appeals the denial of judgment notwithstanding the verdict or in the alternative, denial of its motion for new trial.
This appeal concerns three issues for consideration: whether the pre-August 2004 filing of this complaint required return of this matter to the Superior court for a jury trial pursuant to M.G.L.c. 231, §102C; whether plaintiff sustained its burden in proving negligence as a matter of law; and whether that negligence was compensable. For the reasons herein, we affirm.
1. Right to Jury Trial: As discussed herein, defendant seeks a new trial on a number of issues raised before the trial judge, relating to the sufficiency of the evidence in satisfying claims of negligence. In addition, however, defendant now raises a new issue on appeal, that because the jury trial in the BMC violated the procedures set out in M.G.L.c. 231, §102C, the defendant is entitled to a new trial.
When this action was filed, there was no procedural vehicle by which to obtain a jury trial for this type of civil action in Suffolk County at the BMC and District Court trial level. Rather, a civil action filed in the Superior Court that did not appear likely to meet the $25,000 threshold for a Superior Court action, was remanded to the BMC or District Court for a bench trial, with a right of de novo appeal to a twelve-person jury in the Superior Court. See M.G.L.c. 231, §102C. Sections 102C and 103 satisfied the right to a trial by jury as guaranteed by article 15 of the Massachusetts Declaration of Rights, while also relieving congestion in the Superior Court. Godfrey v. Chief of Police *265 of Wellesley, 35 Mass. App. Ct. 42 (1993), quoting Lubell v. First National Stores, Inc., 342 Mass. 161, (1961) and Dwyer v. Picciuto, 25 Mass. App. Ct. 910 (1981).
Shortly after this complaint was filed, M.G.L.c. 218, §19B was enacted allowing civil actions filed after August 31,2004 to be tried before a six-person jury in certain district and municipal courts, including the BMC. See Chapter 252 of the Acts and Resolves of2004. Under the new statute, a six-person jury trial could be held upon filing a jury demand in the BMC. The new law allowed a BMC justice presiding over a jury of six to have and exercise all powers and duties which a justice sitting in the Superior Court would have. Id.
Because this action was filed prior to August 31, 2004 in the Superior Court and was remanded to the BMC, the defendant argues that its trial was governed by M.G.L.c. 231, §102C (bench trial in the BMC, with a de novo appeal to a twelve-person jury in Superior Court) and not by the 2004 statute (six-person jury trial in the BMC.) However, by the time this matter proceeded to trial, there was a vehicle, as described above, by which a jury trial was available in the BMC. Both parties, and the trial judge, availed themselves of that procedure. This matter was tried, without objection by the defendant, plaintiffs or the trial judge, to a six-person jury. Nothing in the record indicates that defendant or other participants raised or addressed this issue prior to, during or after the BMC jury trial. Indeed the issue was not raised at any time prior to the defendant’s notice of appeal or referenced in defendant’s motions for new trial and for judgment notwithstanding the verdict. Nothing in the record or briefs demonstrates that defendant was unduly or unfairly prejudiced because the case was tried to a six-person jury in the BMC rather than a twelve-person jury in the Superior Court.
The question now raised is whether the litigants were required by the procedure outlined in M.G.L.C. 231, §102C to litigate first at a bench trial in Brighton and return to the Superior Court for a jury trial. We conclude that defendant’s right to a jury trial was satisfied by the procedure followed at the Brighton Division. The remand and removal steps of section 102C established a procedure in order to allow for a jury trial if requested; the defendant did not suffer any denial of statutory or constitutional rights because of this alleged procedural error; and there is no showing of prejudice to the defendant. We also conclude that the defendant waived any objection to a six-person jury. The defendant raised the issue only after the verdict of the BMC jury and did not preserve any such objection for appeal. Therefore, we hold that the defendant is not entitled to a new trial because the trial judge did not comply procedurally with M.G.Lc. 231, §102C in the conduct of a jury trial on the merits.
2. Motion for judgment notwithstanding the verdict: In deciding whether this motion was properly denied, the court must determine, on viewing the evidence in the light most favorable to the nonmoving party, whether a reasonable inference could be drawn in favor of the nonmoving party, or if the moving party is entitled to judgment as a matter of law. Donaldson v. Farrakhan, 436 Mass. 94 (2002), cited in Mancuso v. Massachusetts Interscholastic Athletic Association, 453 Mass. 116 (2009).
Viewing the facts in the light most favorable to the nonmoving parties, the Browns, the jury found the following facts: Plaintiffs’ mother, Greta, died in Springfield, MA on February 12, 2003. Kimmy, her daughter, signed an authorization for the cremation of her mother’s remains at Bayview Crematory (Bayview) on February 19, 2003. The remains were cremated at Bayview on February 20, 2003 *266 and returned to a funeral home. One month after the funeral, the defendant sent a box to the sisters supposedly containing Greta’s remains.
When Kimmy opened the box, the certificate of cremation issued by Bayview bore the name Ruth Speirs Nickse and listed an age not that of Greta. Plaintiffs were shocked and disturbed upon learning of the error. While defendant maintains that the remains were properly handled, and that the incorrect name on the label was a mere clerical error, it cannot identify the actual ashes after the cremation process. There was no way, plaintiffs claim, to identify their mother’s ashes.
As a result, Kimmy felt numb when she saw the certificate with the incorrect name listed in place of her mother’s name. She was sad, angry and depressed and sought treatment from her physician who prescribed medication to help her address her excessive crying and sadness.
Joy Brown’s inability to identify her mother’s remains caused her to drink on weekends. She continued to grieve for years after her mother’s death due to lack of closure.
The remains were handled by a Bayview employee, James Fuller, deceased by the time of trial. No evidence was presented as to what procedures were followed in this case to track the identity of the remains. Nor did Fuller sign the cremation certificate, but instead used a signature stamp of an employee who no longer worked for the company. Based upon these facts, the jury was free to infer, and therefore find, that Bayview was negligent in failing to supervise Greta’s corpse and remains. The jury, consequently, was warranted in finding both that defendant was negligent and negligently inflicted emotional distress.
Defendant goes on to claim, however, that the damages incurred by plaintiffs are not compensable under a negligence or negligent infliction of emotional distress theory. The jury found defendant liable for both negligence and infliction of emotional distress, (Record Appendix 24-25). Payton v. Abbott Labs., 386 Mass. 540, requires that in order to recover for negligently inflicted emotional distress, a plaintiff must prove: (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress. The evidence of physical harm required to withstand a defendants’ motion for summary judgment is objective evidence of harm corroborating the emotional distress alleged, sufficient to allow a jury to determine the validity of the claim. Sullivan v. Boston Gas Company, 414 mass. 129, 137 (1992.) Here the injury to Kimmy was depression, an illness sufficiently physiological for her to have been treated with prescribed medication. Joy suffered nightmares and depression and descended into
alcoholism. Each of these symptoms and manifestations of physical deterioration provide the necessary physical harm which resulted from the negligent handling of the remains to warrant damages for either infliction of emotional distress or for a count of negligence. Accordingly the appeal is dismissed.