NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1104

NGOZI ODIMEGWU

vs.

GREGORY LONG.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a single justice's order denying her motion for leave to file a late notice of appeal. After the plaintiff received notice that the then-acting police commissioner for the city of Boston (the defendant) denied her application to obtain a license to carry a firearm,[1] she filed a complaint for judicial review in the Roxbury Division of the Boston Municipal Court on November 12, 2021. On September 21, 2022, a Boston Municipal Court judge denied the plaintiff's petition. On July 31, 2023, the plaintiff filed a "motion for

---

[1] General Laws c. 140, § 131, governs the issuance and possession of a license to carry firearms. All references herein to § 131 are to the statute as in effect prior to its most recent amendment by St. 2024, c. 135, § 49, effective October 2, 2024.

leave to file a late notice of appeal" in the Appeals Court. On August 1, 2023, a single justice of this court denied the motion. The plaintiff appeals from the single justice's order.

Discussion. We review a single justice's decision on a motion for leave to file a late notice of appeal for an abuse of discretion or error of law. See Adoption of Patty, 489 Mass. 630, 636 n.9 (2022). To determine whether there was an abuse of discretion, we look to see whether the single justice's "exercise [of discretion] has been characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice." Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000), quoting Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).

The single justice, in her written decision, concluded that the plaintiff's "sole remedy" for seeking to further challenge the Boston Municipal Court judge's decision is "to file a civil action in the nature of certiorari in the Superior Court under G. L. c. 294, § 4."

In firearm licensing matters pursuant to G. L. c. 140, § 131, "there is neither a right to a jury determination . . . nor an independent statutory basis for review beyond that provided for in § 131." Godfrey v. Chief of Police of

Wellesley, 35 Mass. App. Ct. 42, 46 (1993). In Godfrey, this court held that the plaintiff, whose license to carry a firearm had been revoked, was not entitled a hearing in the Superior Court after his petition was dismissed in the District Court. Id. at 42, 46. Rather, the plaintiff's "sole remedy . . . was a 'civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal . . . .' G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289." Id. at 46. See Chardin v. Police Comm'r of Boston, 465 Mass. 314, 317 (2013) ("Further judicial review is available to the petitioner by way of an action in the nature of certiorari").

Here, the plaintiff appeals from the single justice's order denying her motion for leave to file a late notice of appeal in her firearm licensing matter pursuant to G. L. c. 140, § 131. Thus, we agree with the single justice that the sole remedy for a plaintiff aggrieved by the District Court's review of the licensing authority's denial of a firearm license is an action in the nature of certiorari pursuant to G. L. c. 249, § 4. See Godfrey, 35 Mass. App. Ct. at 46. Accordingly, the single justice neither abused her discretion nor committed an error of

3

law in denying the plaintiff's motion to file late notice of appeal.[2]

                                    Order of the single justice
                                       affirmed.

                                    By the Court (Rubin,
                                       D'Angelo & Smyth, JJ.[3]),

                                    *Paul Little*

                                    Clerk

Entered:  February 7, 2025.

---

[2] We decline to reach any of the plaintiff's other claims as they do not relate to the single justice's order, which is the only matter properly before us.  See Kettle Black of MA, LLC v. Commonwealth Pain Mgt. Connection, LLC, Mass. App. Ct. 109, 111 n.3 (2022) (declining to pass judgment on decisions not properly before court).

[3] The panelists are listed in order of seniority.